## STATE ex rel. SCHUET vs. MURRAY.

*An alien who has not declared his intentions, may be elected to office.*

1. An alien who has not declared his intention to become a citizen of the United States, may be *elected* to the office of clerk of the county board of supervisors, and, in case his disibility is removed before the commencement of the term of office for which he is elected, will be entitled to enter upon and hold such office.
2. *It seems* that a minor, or a person who has not resided one year in the state, may be elected to public office in this state, and may enter upon the duties of such office in case the disability as to age or residence ceases before the term of office for which he is elected commences. *Per* LYON, J.

Action in the nature of a *quo warranto*, commenced ·in this court. The respondent demurred to the complaint. The grounds upon which the relator claims the office in dispute, will appear from the opinion.

*Butler & Winkler*, for the relator, argued that although a fundamental principle of our government, constituting a part of the unwritten law, would be violated by permitting persons who are not electors to administer the government by actually hold. ing and exercising its offices, yet no such principle forbids the *election* of persons to office who may be under some temporary disability for holding office at the time of their election, provided such disability be removed before the time for entering upon the office; that even if it should be regarded as wise for the legislature to forbid the *election* of persons who at the time

of such election are incompetent to *hold* office, that would still be merely a matter for the legislative discretion, and the court would not upon any such ground create a restriction upon the will of the electors which the constitution and statutes did not create; that the only question before the court in *State ex rel. Off v. Smith* (14 Wis., 497), was, whether it was consistent with the fundamental principles of the government that persons not eletors should hold office in this state; that the language of the court must be construed with reference to that question only, which was the only question present to the mind of the court; that the term "eligible" is in fact often used to express the capacity of holding an office (*Carson v. McPhetridge*, 15 Ind., 327), and was doubtless so used by this court, which did not intend to decide a question not then before it, and to which attention had not been called.

*Palmer, Hooker & Pitkin*, for the respondent, argued that the relator, having been an alien at the time of his election, was ineligible, and was not elected (*State v. Smith*, 14 Wis., 497; Cushing's Law and Practice of Leg. Ass., 56, 57); that the naturalization of the relator after the election could not affect the rights of the parties; that he having been ineligible, the election as to that office was void, and no subsequent act of his could make it valid.    Cushing, 78, 175 et seq., 206.

LYON, J.   This is an action of *quo warranto*, commenced in this court.   The complaint shows that at the general election held in the county of Waukesha, on the 8th day of November, 1870, the relator was elected clerk of the board of supervisors of that county over the defendant, who was a candidate for the same office, by a majority of over five hundred votes; that he was elected to such office for the term of two years, to commence on the first Monday in January, 1871; that at the time of such election he possessed all of the qualifications of an elector of said county, except that he was an alien and had not declared his intention to become a citizen of the United States;

that on the 14th day of November, 1870, that disability was removed by appropriate proceedings in the circuit court for Milwaukee county, and the relator then became a citizen of the United States; that the defendant, who was then the clerk of such board of supervisors, on the 2d day of January, 1871, issued to him the usual certificate of election; that he gave the bond and took the oath required by law, and thereupon demanded of the defendant, the then incumbent thereof, to be let into said office and the possession of the books and papers appertaining thereto; that the defendant refused to comply with such demand, and excluded him from said office and the exercise of the duties thereof, and from the possession of such books and papers; that afterwards the board of supervisors of that county declared the office vacant, and appointed the defendant to fill such vacancy; and that the defendant has thereupon continued in the exercise of said office, by virtue of such election or appointment by said board, to the exclusion of the relator.

To this complaint the defendant has interposed a demurrer. The question presented by the demurrer is, whether an alien, who was otherwise qualified but who had not declared his intention to become a citizen of the United States, and who has been elected to a county office, may lawfully hold the same, if, before the term of office commences to which he was elected, he makes such declaration and becomes a lawful elector of the state and of the county wherein he was elected.

There is no constitutional or statutory provision, and but one judicial decision in this state, which affects this question. In *The State ex rel. Off vs. Smith*, 14 Wis., 497, this court decided that a person cannot lawfully hold such an office unless he is a qualified elector of the state. The grounds of that decision are stated in the opinion, by DIXON, C. J., to be, that as to all independent popular governments "it is an acknowledged principle, which lies at the very foundation, and the enforcement of which needs neither the aid of statutory or constitutional enactments or restrictions, that the government is instituted by the citizens

for their liberty and protection, and that it is to be administered, and its powers and functions exercised, by them and through their agency." In that case the defendant was an alien, and had entered upon the discharge of the duties of the office of sheriff, to which he had been elected, without having become an elector by declaring his intentions to become a citizen; indeed he had not done so when the action was commenced. Under this state of facts this court held that he could not lawfully hold the office, but did not decide, either expressly or by necessary implication, that he could not have held it had the disqualification been removed intermediate the election and the commencement of the term. It is true that it is said in the opinion that the defendant was ineligible; but it is not said that he was ineligible *to be elected* to such office, and the obvious meaning is that he was ineligible *to hold* the office. The term "ineligible" means as well disqualification to hold an office, as disqualification to be elected to an office.

The precise question under consideration is, therefore, a new one, and we are left free to decide it upon what we deem to be sound principles. We have already seen that the grounds upon which a person not an elector is excluded from holding public office is, that the powers and functions of a free and independent government must be exercised by those by whom such government was instituted, that is, by the electors thereof. So if a person who is not an elector attempts to exercise the functions of a public office, the courts, upon proper proceedings being instituted for that purpose, will oust him. This is one thing. But to hold that a person qualified to hold such office when the term for which he was elected commences, is disqualified merely because he was not an elector when he was elected two months before, is another and very different thing.

What then is the nature and effect of the disqualification under consideration? In my judgment it is not that a person who is not an elector only because of some disqualification which he has the power to remove at any time, is thereby ren-

dered ineligible *to be elected* to a public office for a term which is to commence at a future time; but it is that a person thus disqualified shall not be eligible *to hold* such office. Such disqualification does not relate to the *election to,* but to the *holding* of, the office. I think this principle is substantially asserted in Cushing's Law and Practice of Legislative Assemblies. Section 78 is to the effect that in cases where the disqualification is not derived from the personal character of the individual, or inflicted by way of punishment, and where it is that the individual "shall be incapable of holding" the office, until the disqualification is removed, this does not render him incapable of being elected, but only prevents him from exercising the functions of the office until it is removed.

It has been argued that the logical result of these views would render minors, or persons who have not resided in this state one year at the time of an election, but who in all other respects are qualified electors, eligible to be elected to public office, in all cases where such minors become of age, or such persons complete a residence of one year in the state, before the commencement of the term of office to which they may have been elected. In my opinion this argument is sound, and I think that persons elected to public office under such circumstances may lawfully hold the same. In other words, I think that in those cases, as in this case, the disqualifications relate to the *holding* of the office, and not to the election thereto.

As a matter of course, none of these remarks are intended to apply to a case where a different rule has been enacted by constitutional or statutory provision.

By giving this effect to the disqualification which the relator was under when he was elected, but which was removed before the commencement of the term of office to which he was elected, we give force and effect to another fundamental principle of free government, equally as important as that which we have discussed, which is that *the will of the majority constitutionally expressed must be obeyed.*

State ex rel. Schuet vs. Murray.

If the allegations of the complaint are true—and for the purposes of this demurrer they are to be taken to be true—the defendant and the board of supervisors of Waukesha county seem to have overlooked this most important fundamental principle.

On the facts stated in the complaint, we are all clearly of the opinion that the relator is entitled to the office to which he was elected.

*By the Court.*—The demurrer is overruled, with leave to the defendant to answer over on the usual terms within twenty days, as he may be advised.