(June 26, 1909.)

## ALBERT D. BRADFIELD, Respondent, v. JENNIE FAR- RER AVERY, Appellant.

[102 Pac. 687.]

ELECTION—CONTEST—COUNTY SUPERINTENDENT—ELIGIBILITY.

1. A complaint to contest an election, under subd. 2, sec. 5026, Rev. Codes, must allege and show facts which disqualify the incumbent, or person declared elected, at the time of the election.

2. Where the word "eligibility" is used in connection with an office, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold the office, rather than the qualification to be elected to the office.

3. The provisions of sec. 585, Rev. Codes, "That no person shall be eligible to the office of county superintendent of public instruction except a first grade practical · teacher of not less than two years' experience in Idaho, one of which must have been while holding a valid first grade certificate issued by a county superintendent," relates to the time the person so elected is inducted into office, and although the person so elected does not possess such qualification at the time of election, still if the disqualification is removed and the person elected becomes qualified at the time he is inducted into office, such person is eligible to the office of county superintendent of public instruction.

4. A person who will become qualified to hold the office of county superintendent of schools, under the laws of this state, may be elected to such office while under disqualification, provided such disqualification is removed before the term of office, to which such person is elected, begins.

5. Sec. 593, Rev. Codes, empowers the state board of education "to authorize the county superintendents to issue teachers' certificates to graduates of state normal schools, and to graduates of any chartered college or university having the right to grant degrees: *Provided*, that applicants for certificates under the provisions of this section shall have been successfully engaged in teaching not less than twenty-seven months, and shall present to the state board of education a certificate of graduation from a state normal school, or a literary degree from a chartered college or university."

6. When application is made to the state board, under said sec. 593, and the necessary credentials and proof are furnished the board and the board admits such proof is sufficient, and subsequently is-

sues a certificate thereon and by reason thereof, then the applicant is entitled to have such certificate issue as of the date such application and proof is made; and a certificate issued upon such proof will relate back to the date such applicant showed she was entitled to such certificate.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, in and for Ada County. Hon. Fremont Wood, Judge.

An action to contest the election to the office of county superintendent of schools. Judgment for contestant. Contestee appeals. *Reversed.*

'J. G. Watts, and Wyman & Wyman, for Appellant.

Sec. 5026, and those sections following it, providing for the institution and conduct of contests of election, belong to the law of procedure solely, and cannot be construed as prescribing disqualifications of persons to hold office. (*Ward v. Crowell,* 142 Cal. 587, 76 Pac. 491.) It is an eligible officer the law requires, and any person who can qualify himself to take and hold the office is eligible to it at the time of the election. (*Ward v. Crowell, supra; State v. Van Beek,* 87 Iowa, 569, 43 Am. St. 397, 54 N. W. 525, 19 L. R. A. 625.)

When appellant made the application on September 27, 1907, and showed herself possessed of all the qualifications required by the statutes, she was then and there qualified, and was entitled to a certificate as of that date, and the officers, whose duty it was to authorize the issuing of a certificate could not, by withholding that authority, deprive her of any of those substantial rights guaranteed by the constitution and laws of the state. Parties litigant should not be made to suffer through the default of an officer of the court, when due diligence is shown. (*Westheimer v. Thompson,* 3 Ida. 418, 31 Pac. 797.)

The date named in a certificate is not conclusive, and proof may be introduced to show the true date. (*Hobson*

*v. Kissam,* 8 Ala. 357; *Harrington v. Gage,* 6 Vt. 532; *Gest v. Flock,* 2 N. J. Eq. 108.)

John F. Nugent, for Respondent.

"Eligible" means capable of being chosen; the subject of selection or choice. (*Ward v. Crowell,* 142 Cal. 587, 76 Pac. 491; *Sheehan v. Scott,* 145 Cal. 684, 79 Pac. 350; *State v. Clarke,* 3 Nev. 570; *State v. Moores,* 52 Neb. 770, 73 N. W. 299.) Etymologically, the meaning of "eligible" is capable of being chosen, and therefore denotes a condition existing at the time of choosing, whether by election or by appointment. (*People v. Purdy,* 21 App. Div. 66, 47 N. Y. Supp. 601; *Taylor v. Sullivan,* 45 Minn. 309, 22 Am. St. 729, 47 N. W. 802, 11 L. R. A. 272; *Drew v. Rogers* (Cal.), 34 Pac. 1081; *Searcy v. Grow,* 15 Cal. 118; *Roane v. Matthews,* 75 Miss. 94, 21 So. 665.) Ineligibility "creates an incapacity to be elected to the office." (*Saunders v. Haynes,* 13 Cal. 145; *People ex rel. Palmer v. Woodbury,* 14 Cal. 43; *Spear v. Robinson,* 29 Me. 531; *People ex rel. Hoffman v. Hecht,* 105 Cal. 621, 45 Am. St. 96, 38 Pac. 941, 27 L. R. A. 203.)

The words "shall have the power," in sec. 593, Rev. Codes, undoubtedly give the board a discretionary power, and are permissive in their nature. "When statutes are couched in words of permission, or declare that it shall be lawful to do certain things or provide that they may be done, their literal significance is that the persons, official or otherwise, to whom they are addressed are at liberty or have the option to do those things or refrain, at their election." (Suth. Stat. Const., sec. 460; *Minor v. Bank,* 1 Pet. 46, 7 L. ed. 47; *Binney v. Canal Co.,* 8 Pet. 201, 8 L. ed. 917; *Thompson v. Lessee of Carroll,* 22 How. 422, 16 L. ed. 387.)

STEWART, J.—At the general election held in this state on the 3d day of November, 1908, the appellant was elected to the office of county superintendent of public instruction in Owyhee county and received a certificate of election therefor. The respondent contests such election upon the ground that upon the date of such election the appellant had not

had one year's experience as a teacher in the state of Idaho while holding a valid first grade certificate, issued by a county superintendent of public instruction in this state.

The respondent demurred to the complaint upon the ground of insufficiency of facts, first, for the reason that the allegation of want of one year's experience while holding a valid first grade certificate at the date of election is not a ground of ineligibility; and second, for the reason that the act of 1903 (sec. 585, Rev. Codes), in so far as it prescribes the qualification of one year's experience under a first grade certificate is unconstitutional and void. The demurrer was overruled and answer filed in which the appellant plead the facts with reference to her application for and the issuing to her of a certificate.

It is alleged in the answer and found by the trial court that on September 27, 1907, the appellant presented to the state board of public instruction of the state of Idaho a certificate of graduation from the Mansfield State Normal School of Mansfield, Pennsylvania, and also presented proof to said board that she had taught twenty-seven months since said certificate was issued to her, together with proof of her good moral character, and in every way complied with the statute of Idaho defining the qualification necessary to entitle a state normal school graduate to receive a certificate from a county superintendent of public instruction in Idaho; and that upon said date she requested said board to authorize the county superintendent of public instruction of said Owyhee county to issue a certificate to her; that said board refused the request of the said appellant, and gave as the reason for said refusal that the said Mansfield State Normal School of Pennsylvania was not included in an accredited list of schools that was then being prepared by said board; that on said day, and frequently thereafter, the appellant by correspondence and interviews requested and insisted that said board authorize the issuing to her of a license to teach, and that on March 31, 1908, said board authorized the county superintendent of Owyhee county to issue said certificate to appellant, and it was so issued on April 2, 1908; that said certificate was issued, notwithstanding the fact that the said Mansfield State Normal

School was not on an accredited list prepared by said board; that no objection was ever made by the board to the diploma of the appellant from the Mansfield State Normal School or to her qualifications, and that the only reason ever given by said board for not authorizing the issuance of a first grade certificate to her was that said school was not included in said accredited list; that the only time the appellant ever presented her said diploma or her qualifications, as provided by law, to said board was on said September 27, 1907, and the first grade certificate issued to her by said county superintendent on April 2, 1908, by authority of said board was based upon said diploma and qualifications presented to said board on September 27, 1907. Trial was had and judgment rendered in favor of the contestant, respondent here. This appeal is from the judgment.

It is first contended by appellant that the complaint fails to state a cause of action, for the reason that the allegation of a want of one year's experience, while holding a first grade certificate at the date of election, is not a ground of ineligibility.

This contest is brought under sec. 5026, Rev. Codes, and in so far as applicable to this case reads as follows: "The election of any person to any public office, . . . . may be contested: 2. When the incumbent was not eligible to the office at the time of the election." Sec. 6, art. 18 of the constitution of this state provides: "The salary and qualifications of the county superintendent shall be fixed by law." This provision of the constitution would seem to clearly authorize the legislature to fix and determine the fitness, capacity or qualification of a person to be elected to the office of county superintendent or to hold such office after election. In other words, this constitutional provision is broad enough to authorize the legislature to prescribe the capacity, fitness or qualification of a person both for the election to, and the holding of, the office of county superintendent. (*Carroll v. Green,* 148 Ind. 362, 47 N. E. 223; *People v. Leonard,* 73 Cal. 230, 14 Pac. 853; *Smith v. Moore,* 90 Ind. 294; 10 Am. & Eng. Ency. of Law, 971.)

This leads us to an examination of the statute with a view of determining what qualifications have been prescribed by the legislature with reference to the office of county superintendent of schools, and whether the qualifications so fixed apply to the person at the time of election or at the time the person elected is to be inducted into the office. The only statutory provision in this state which attempts to prescribe the qualifications of a county superintendent is sec. 585, Rev. Codes, as follows:

"*Provided,* that no person shall be eligible to the office of county superintendent of public instruction except a first grade practical teacher of not less than two years' experience in Idaho, one of which must have been while holding a valid first grade certificate issued by a county superintendent, and the holder of a first grade certificate at the time of his election or appointment, nor unless twenty-five years of age."

The serious question in this case is to determine whether by the language used in the above section the legislature intended to prescribe and fix the capability or fitness of a person to be elected to the office of county superintendent, or intended to fix and determine the capability and qualification of such person to hold such office after election. The word "eligibility" as used in connection with an office or the person to be elected to fill an office has been variously defined by the courts, and various constructions given to the use of such word with reference to whether the same applies to the election to office or the induction into office. The authorities upon both sides of this question are cited in 29 Cyc. 1376 and 10 Ency. of Law, pp. 970, 971. We are satisfied that the better reason is with the proposition that where the word "eligibility" is used in connection with an office, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold the office rather than the qualification to be elected to the office. (29 Cyc. 1376; 10 Ency. of Law, pp. 970, 971; *Hoy v. State,* 168 Ind. 506, 81 N. E. 509.)

It will be observed that the language of the statute above quoted is "no person shall be eligible to the office," and not "eligible to be elected to the office." "Eligible to the office"

clearly implies the qualification or capacity to hold the office, and clearly indicates the intent of the legislature to use the word "eligible" in the sense that it applies to the capacity or qualification of the person to hold the office. While it is true that the word "eligible" may mean capable of being chosen, fit to be chosen, subject to selection, and applies to the time of selection or election, yet where such meaning is not clearly indicated by the manner in which the word is used or by the qualifications or modifications thereof, we think it naturally applies to one's fitness or qualification to hold the office. (10 Am. & Eng. Ency. of Law, 971, 972, and authorities there cited; 29 Cyc. 1376, and authorities cited.)

That the legislature was dealing with the question of qualification or fitness to hold office, in enacting this section, we think also clearly appears when we take into consideration the provisions of sec. 6, art. 18 of the constitution, *supra.* The word "qualification" as used in the constitution was evidently intended to refer to an educational equipment or attainment, and it no doubt was the intention of the legislature in enacting the above section to prescribe such educational equipment, wherein it is provided that to be eligible to the office of county superintendent one must be a "first grade practical teacher of not less than two years' experience, one of which must have been while holding a valid first grade certificate." To be thus qualified requires education and experience, and these are purely matters of acquirement tending to fit one for the place or office. Had the statute read "eligible to be elected to the office," then it would have been clear that the qualification had reference to the capability of the person to be elected, but where the language is "shall be eligible to the office," and then follow attainments, the result of experience and education, it seems to us the legislature was intending to deal with the fitness of a person to hold the office rather than the capability of one to be elected to such office.

We think this position is also strengthened when we take into consideration the opening statement of sec. 585, wherein it is provided: "Before entering upon the duties of his office the county superintendent of public instruction shall take

and subscribe the oath prescribed by law, (etc.) . . . . *Pro-vided,* that no person shall be eligible to the office,''—indicates that the proviso has reference to qualifications required at the time the person is inducted into office. This position is also strengthened by the provision found in said section, ''and the holder of a first grade certificate at the time of his election or appointment.'' If it was intended that the quali-fication, ''a practical teacher of not less than two years' ex-perience,'' had reference to the time of election rather than the time of induction into office, it would not have been necessary to also provide that such person should be the holder of a first grade certificate at the time of election, for if all such qualifications related to the time of election, it would not have been necessary to specifically state that such person must hold a first grade certificate at the time of election or appointment. The fact that this particular qualification is made to apply to the time of election would indicate that the other qualifications prescribed were not intended to apply to the time of election. We are therefore forced to the con-clusion that in enacting this statute the legislature were attempting to carry out the power given them by the con-stitution, and prescribed qualifications required of a person to hold the office of county superintendent rather than quali-fications rendering such person capable of being elected to such office.

The contest provided for by sec. 5026, Rev. Codes, is directed toward facts and conditions that existed at the time of the election of the incumbent or that transpired at the election itself. (*Toncray v. Budge,* 14 Ida. 621, 95 Pac. 26.) If the contest is directed toward facts and conditions that existed at the time of the election, then, in order to state a cause of action the complaint should allege such facts as would show the disqualification of the contestee at the time of the election. The facts alleged in the complaint in this case are not matters which would render the contestee dis-qualified from being elected to such office, as a person is not required to possess such qualifications at the time of the election. From what has been said it follows that the trial court erred in overruling the demurrer to the complaint.

Counsel for the respective parties have argued the merits of this case, and as the facts are agreed to by both parties, upon a reversal of this case the question necessarily will arise whether the contestant can amend the complaint so as to state a cause of contest. Inasmuch as this question naturally arises upon the facts, and the facts are agreed to and have been fully discussed by respective counsel, we deem it proper to dispose of the entire case upon its merits.

It is conceded that the contestee was elected to the office of county superintendent at the November election in 1908; that she received a certificate certifying to her election. It appears from the facts, and the court finds, that on September 27, 1907, the appellant presented to the state board of public instruction of the state of Idaho a certificate of graduation from the Mansfield State Normal School of Mansfield, Pennsylvania, and also presented proof to said board that she had taught twenty-seven months since said certificate was issued to her, together with proof of her good moral character, and in every way complied with the statute; and requested said board to authorize the county superintendent of public instruction of said Owyhee county to issue a certificate to her; that the board refused, but afterward and on April 2, 1908, did issue said certificate upon the application made by appellant on September 27, 1907, and without any additional proof having been presented to said state board. If the state board had directed that a certificate issue to appellant upon September 27, 1907, after she had presented her application and proof, or within a reasonable time thereafter, then the appellant would have been the holder of a first grade certificate for more than one year of the two years she was engaged in teaching, and the holder of a first grade certificate at the time of her election. The certificate, however, was not issued until April 2, 1908, which would not make her the holder of a first grade certificate during one of the two years she was engaged in teaching.

The question then arises: Was the appellant entitled to have her certificate dated as of the date of her application and completion of proof, or if not then dated, does it relate

back to such date as affecting her qualification to hold the office of county superintendent?

As stated above, the certificate directed to be issued to the appellant was upon the application made by her on September 27, 1907, and the proof furnished on that date; no additional proof or evidence was furnished by the appellant to the state board. By causing the certificate to be thereafter issued on such application and proof, the board conceded and admitted that the appellant was entitled to have such certificate issued to her on the date she made her application and furnished her proof. Under the provisions of sec. 593, Rev. Codes, the state board of education has power "to authorize the county superintendents to issue teachers' certificates to graduates of state normal schools, and to graduates of any chartered college or university having the right to grant degrees: *Provided,* that applicants ·for certificates under the provisions of this section shall have been successfully engaged in teaching not less than twenty-seven months, and shall present to the state board of education a certificate of graduation from a state normal school, or a literary degree from a chartered college or university."

The only reason assigned why the state board did not authorize the county superintendent to issue a certificate in accordance with the provisions of this statute is, that at the time the application was made the board had not made up an accredited list of state normal schools which it would recognize. Whether an applicant can compel the state board to direct that a certificate issue upon presenting proof that the applicant is a graduate of a state normal school or a chartered college or university having the right to grant degrees, and has been successfully engaged in teaching for not less than twenty-seven months, may be questioned, especially, until the board have determined that one so qualified is entitled to a certificate. But when the board recognizes that the applicant is fully qualified under the provisions of this statute and has furnished the board with the necessary credentials and proof to entitle the applicant to a certificate, and admits such fact and concedes that the applicant is en-

titled to a certificate under the showing made, then there can be no question but what it is the duty of the board to authorize the certificate to issue to such applicant as of the date when the showing is made required by the statute. If the proof of the applicant was incomplete at the time presented, and additional proof was required by the board, then the date the certificate should issue is to be determined by the time the board determines that the proof presented is sufficient to entitle the applicant to a certificate. If the proof is wholly insufficient and unsatisfactory to the board, then a doubt might arise whether the board could be compelled to issue the certificate; but the duty of the board under such circumstances does not arise in this case, for it is conceded that the applicant was fully qualified; that her proof was sufficient; that she fully complied with the statute and did every act and furnished proof of every qualification to entitle her to a certificate on September 27, 1907. This being true, it was the duty of the board to cause such certificate to be issued as of that date.

Counsel for respondent, however, argues that it being entirely discretionary with the board as to whether a certificate should issue, the board in this instance had the right and power to postpone causing such certificate to issue until the applicant had demonstrated her fitness and qualification to receive such certificate by teaching a sufficient length of time to satisfy the board. The court, however, finds that the certificate was issued, not by reason of the fact that the applicant demonstrated her qualification to receive the same by teaching after she made application for such certificate, but that the certificate was issued by reason of the application and proof made on September 27, 1907.

There is nothing in the record in this case which indicates that the state board were in any way influenced or controlled by reason of the fact that the applicant proved her qualification by her work as a teacher after the application was made. The facts and the findings of the trial court clearly show that the state board acted wholly upon the proof submitted on September 27th, and decided and determined that such proof

was sufficient to entitle the applicant to a certificate, and ordered such certificate to issue by reason of such application and proof. This being true, the appellant was entitled to have such certificate relate back as of the date she furnished such proof to the state board, and it was the duty of the state board to have caused such certificate to issue as of that date. Under the facts and the findings of the trial court it was that date that she was entitled to such certificate. Under the facts of this case the appellant was clearly qualified to hold the office of county superintendent of schools, and being qualified to hold the office, she was capable of being elected to such office while under disqualification, provided such disqualification was removed before the term of office, to which she was elected, began. (*Hoy v. State,* 168 Ind. 506, 81 N. E. 509; *Privett v. Bickford,* 26 Kan. 52, 40 Am. Rep. 301; *State v. Smith,* 14 Wis. 497; *State v. Murray,* 28 Wis. 96, 9 Am. Rep. 489.)

From what has been said it follows that the appellant was qualified to hold the office of county superintendent, to which the people of Owyhee county elected her, at the time her term began under the statute of this state. The judgment in this case is *reversed* and the cause remanded, with direction to proceed in accordance with this opinion. Costs awarded to the *appellant.*

Ailshie, J., concurs.

Sullivan, C. J., did not sit at the hearing.