## IVA O. JENNESS v. S. H. CLARK.

(129 N. W. 357.)

**Schools and School Districts — County Superintendent — Constitutional Law.**

1. Sec. 764, Rev. Codes 1905, which prescribes that at each general election there shall be elected in each county a superintendent of school, whose term shall be two years "and until his successor is elected and qualified," is a constitutional and valid enactment.

**Schools and School Districts — County Superintendent — Candidate Ineligible.**

2. Following the rule announced in State ex rel. Bickford v. Fabrick, 16 N. D. 94, 112 N. W. 74, *held*, that under such statute the regularly elected incumbent of the office is entitled to hold the same until his successor is legally elected and qualified.

**Officers — Election of a Disqualified Person — Words and Phrases — "Elected" — Statutory Construction.**

3. A person who is ineligible to hold a public office cannot be elected thereto, and his election is a nullity. The word "elected," as used in § 764, Rev. Codes 1905, signifies an election of a qualified successor to the incumbent.

**Officers — Right to Hold Over — Waiver of Right to Office.**

4. The incumbent of a public office, who has the right to hold over until his successor is elected and qualified, has such a special interest as enables him to maintain an action under the provisions of chap. 25, Code Civ. Proc. (§§ 7349 et seq., Rev. Codes 1905) against one who intrudes himself into such office, unless such right has been lost or waived in some manner either by the voluntary surrender of the office or by some other equivalent act.

Opinion filed December 21, 1910.

Appeal from District Court, Oliver county; *W. C. Crawford, J.*

From a judgment in defendant's favor, plaintiff appeals.

Reversed.

*Hyland & Nuessle,* for appellant.

Candidate for county superintendent must hold certificate of highest county grade. Sec. 150 N. D. Const. Rev. Codes 1905, § 778; Laws of 1907, chap. 95; Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802.

A county superintendent can hold the office until a duly qualified successor is elected and qualified. Section 764, Revised Codes 1905; State ex rel. Bickford v. Fabrick, 16 N. D. 94, 112 N. W. 74; Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802; Richards v. McMillin, 36 Neb. 352, 54 N. W. 566; State ex rel. Hogle v. Smith, 94 Iowa, 616, 63 N. W. 453; State v. Howe, 25 Ohio St. 588, 18 Am. Rep. 321; Kimberlin v. State, 130 Ind. 120, 14 L.R.A. 858, 30 Am. St. Rep. 208, 29 N. E. 773; Gosman v. State, 106 Ind. 203, 6 N. E. 349; People ex rel. Baird v. Tilton, 37 Cal. 614; Johnson v. Mann, 77 Va. 265; State v. Gormley, 53 Wash. 543, 102 Pac. 435, 104 Pac. 620.

Election of a disqualified person is a nullity. Sheridan v. St. Louis, 2 A. & E. Ann. Cas. 480, and note, and cases cited, 183 Mo. 25, 81 S. W. 1082.

An officer entitled to hold until a lawful successor is elected and qualified can maintain an action to determine such successor's right. State ex rel. Bickford v. Fabrick, 18 N. D. 94, 112 N. W. 74; Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802; 15 Cyc. Law & Proc. p. 403.

Surrender to a writ of mandamus does not waive right to office. Seifen v. Racine, 129 Wis. 343, 109 N. W. 72; State ex rel. McGuyer v. Huff, 172 Ind. 1, 87 N. E. 141; Gracey v. St. Louis, 213 Mo. 384, 111 S. W. 1159.

*Reimestad & McCormich,* for respondent.

Where the Constitution fixes the term of an office, the legislature cannot lengthen or shorten it. N. D. Const. § 150; Throop, Pub. Off. §§ 305, 326, pp. 310, 327; Mechem, Pub. Off. § 387, p. 254; 23 Am. & Eng. Enc. Law, 2d ed. pp. 406, 407; State ex rel. Wood v. Sheldon, 8 S. D. 525, 67 N. W. 613; State ex rel. Atty. Gen. v. Brewster, 44 Ohio St. 589, 9 N. E. 849; People ex rel. Morton v. Tieman, 8 Abb. Pr. 359; Badger v. United States, 93 U. S. 599, 23 L. ed. 991.

State only can bring quo warranto under facts of this case. State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025.

Appellant, having surrendered the office, has no special interest to warrant this action. 23 Am. & Eng. Enc. Law, 2d ed. p. 417; People ex rel. Drew v. Rodgers, 118 Cal. 393, 46 Pac. 740, 50 Pac. 668.

Election of an unqualified person does not seat his defeated opponent. 10 Am. & Eng. Enc. Law, 2d ed. p. 758; McCrary, Elections, 4th ed. § 330; Saunders v. Haynes, 13 Cal. 145; Sheridan v. St. Louis, 183 Mo. 25, 81 S. W. 1082, 2 A. & E. Ann. Cas. 480.

FISK, J. Appellant brought this action under the provisions of chapter 25, Code of Civil Procedure (Rev. Codes 1905, §§ 7349 et seq.), to try title to the office of superintendent of schools of Oliver county. Defendant demurred to the complaint upon the ground that the same does not state facts sufficient to constitute a cause of action, which demurrer was sustained, and plaintiff electing to stand on the complaint, judgment in defendant's favor was entered, from which

judgment this appeal is prosecuted. The ground on which the trial court sustained such demurrer is not disclosed, but the contentions of respondent, briefly stated, are that the complaint fails to state a cause of action, because it discloses that appellant's term of office as such superintendent expired on the first Monday of January, 1909, and that respondent, who was the successful candidate for such office at the preceding general election, and to whom was issued a certificate of election in due form, duly qualified within the time required by law, and at the time this action was commenced was in the possession of such office, discharging the duties thereof. Hence that appellant has no such special interest in the office as will permit her to maintain this proceeding, even admitting the ineligibility of respondent to hold the office. It is also asserted that because the complaint discloses that appellant surrendered such office to respondent, that it affirmatively appears therefrom that she has ceased to have such a special interest therein as will enable her to maintain the proceeding. The complaint need not be set forth, as its alleged insufficiency is apparently conceded to depend upon the soundness of one or more of the legal propositions advanced by respondent's counsel. To my mind the most serious question on this appeal is embraced in respondent's second contention, which is in effect that a successor to the plaintiff, in the person of respondent, has been elected and has duly qualified, and therefore plaintiff's right to the office was thereby terminated. The demurrer, of course, admits respondent's ineligibility to hold the office as alleged. In the light of such admission, can it be said that a successor to plaintiff has been elected and qualified so as to terminate her right to the office?

Appellant's counsel contend that, because of respondent's ineligibility to hold the office, his election was void, and that consequently plaintiff's right to the office still continues, and will continue until a qualified person has been elected and has qualified. That such election was void, we entertain no doubt. Such is practically the unanimous voice of the authorities. 23 Am. & Eng. Enc. Law, 2d ed. p. 338 and cases cited; Sheridan v. St. Louis, 2 A. & E. Ann. Cas. 480, and cases cited in note on page 485 (183 Mo. 25, 81 S. W. 1082). The election being a nullity, it inevitably follows, assuming the constitutionality of § 764, Rev. Codes 1905, which we will hereafter consider, that appellant is entitled to continue in the office until such time as her suc-

cessor shall be elected and qualified, unless by some act on her part she has relinquished her right thereto. This court in State ex rel. Bickford v. Fabrick, 16 N. D. 94, 112 N. W. 74, expressly so held, citing numerous authorities. Our sister state of Minnesota has likewise so held. Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802. Respondent's counsel contend that appellant, in her amended complaint, admits that respondent was *duly elected* and has duly qualified; but we do not thus construe such pleading. On the contrary such complaint expressly alleges facts showing respondent's ineligibility to hold the office at all times mentioned therein. If he was ineligible, as the demurrer admits, then, as we have above decided, no election took place, as the same was a nullity. Respondent's ingenious argument regarding the meaning of the word "qualified," as used in the statute, is somewhat misleading, in that it assumes that his right to the office was alone dependent upon the act of qualifying. It is no doubt true, as argued by counsel, that the meaning of the word "qualified," as thus used, merely refers to the taking of the required oath of office and giving an official bond as required by statute where that is necessary. Something more than the act of *qualifying* is required, however, to entitle respondent to the office. He must have first been *elected* thereto.

We will determine the question whether § 764, Rev. Codes aforesaid is constitutional. This section is as follows: "There shall be elected in each organized county, at the same time other county officers are elected, a county superintendent of schools, whose term of office shall be two years, commencing on the first Monday in January following his election, and until his successor is elected and qualified. . . ." Respondent's counsel contends that this section violates § 150 of the Constitution, which reads: "A superintendent of schools for each county shall be elected every two years, whose qualifications, duties, powers, and compensation shall be fixed by law." It is argued by respondent's counsel that such constitutional provision clearly fixes the term at two years, and hence the legislature is powerless to provide that the incumbent of the office may hold until his successor is elected and qualified. Among other things they say: "The intention of the framers of the Constitution is clearly indicated, because under § 173 those county officers whom the framers of the Constitution intended should

hold over are specifically named and authorized to hold over." We attach no significance to this fact. The office of county superintendent was evidently omitted from § 173, in order that the legislature might be left free to provide for the election of such officer at a time other than the general election. We do not construe § 150 as evidencing any intent on the part of the framers of the Constitution to do more than merely provide for the biennial election of such officer, leaving it to the legislature to provide when such election shall be held and when the term shall commence and end. There is nothing therein contained from which it can be legitimately argued that it was the intention to deprive the legislature of the power to provide against vacancies in such office. We think the decision in State ex rel. Bickford v. Fabrick is unquestionably sound, to the effect that the incumbent of such office is entitled to hold the same until his successor is duly elected and qualified. The word "elected," as used in provisions of this nature, signifies an election of a qualified successor to the incumbent. 23 Am. & Eng. Enc. Law, p. 415.

It follows from what we have above held that plaintiff has such a special interest as will enable her to maintain this proceeding. See Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802, and cases cited; also 15 Cyc. Law & Proc. pp. 403, 404; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198. Respondent's counsel cite and rely on State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025, as holding that plaintiff has not such a special interest as will enable her to maintain the action, but such decision was under §§ 5345 et seq., Compiled Laws 1887, which vastly differ from § 7351, Rev. Codes 1905, under which the case at bar was instituted. The latter section expressly provides that a person having a special interest may maintain such action, and such was the decision in Wishek v. Becker, 10 N. D. 63, 84 N. W. 590.

But it is contended by respondent's counsel that plaintiff surrendered the office to respondent, and by so doing she ceased to have any further special interest entitling her to maintain the proceeding. It is no doubt true that if plaintiff voluntarily turned such office over to defendant, she cannot bring the action. Such is the rule announced in 29 Cyc. Law & Proc. p. 1418, citing State ex rel. Worrell v. Peelle, 124 Ind. 515, 8 L.R.A. 228, 24 N. E. 440; State ex rel. Birkhauser v. Moores,

52 Neb. 634, 72 N. W. 1056; State ex rel. Thayer v. Boyd, 34 Neb. 435, 51 N. W. 964. Such is no doubt the correct rule, but it has no application to the facts in the case at bar. The plaintiff at all times asserted her right to the office, and refused to surrender the same until commanded so to do by a writ issued by the district court, whereupon she immediately instituted this action. Under these facts it cannot properly be urged that she has in any way surrendered or waived her right to the office. As supporting these views, see Seifen v. Racine, 129 Wis. 343, 109 N. W. 72; State ex rel. McGuyer v. Huff, 172 Ind. 1, 87 N. E. 141; Gracey v. St. Louis, 213 Mo. 384, 111 S. W. 1159. In this connection it should be remembered that plaintiff is not here seeking to assert any right to the office except as a holdover incumbent thereof.

It nowhere appears that she was a candidate for re-election at the general election in 1908. The case of People ex rel. Drew v. Rogers, 118 Cal. 393, 46 Pac. 740, 50 Pac. 668, relied on by respondent's counsel, has no application to the facts in the case at bar, and does not support their contention. There the relator had voluntarily surrendered the office to another on the supposition that the latter had been duly elected and was entitled thereto. Subsequently a citizen and third party successfully contested such election, on the ground of the ineligibility of such incumbent to hold the same. After such election was adjudged void a vacancy was declared, and defendant was appointed to fill the same. Thereafter relator, the former incumbent, sought to regain possession of the office which he had previously voluntarily surrendered, and it was very properly held that he could not recover.

Respondent's last contention is devoid of merit. It is based upon the false assumption that plaintiff was a defeated candidate at the 1908 election. No such fact is disclosed by the record. But conceding such to be the fact, a complete answer to such contention is the fact that plaintiff asserts no right under such election, but, as before stated, she bases her right to recover upon the fact that her successor has not been elected and that she is entitled to hold over until such event takes place.

For the above reasons the demurrer was improperly sustained, and the judgment must be reversed and the cause remanded for further proceeding according to law.