## R. S. ENGE v. JOHN L. CASS.

(148 N. W. 607.)

**State's attorney — eligibility — must be licensed as attorney in this state — constitution — statute — construction — necessary implication.**

1. In order to be eligible to hold the office of state's attorney, the incumbent must be duly licensed to practice as an attorney and counselor at law in the courts of this state. While no express requirement to such effect is contained either in the Constitution or statutes of this state, such is the clear and necessary implication to be deduced from the language employed both in § 173 of the Constitution, and in the provisions of the Code prescribing the duties of a state's attorney.

---

Note.—The authorities are pretty evenly divided on the question whether eligibility to office is to be determined as of the time of election or appointment, or of induction into office, though the majority perhaps are in accord with the decision in ENGE v. CASS, as shown by a review of the cases in a note in 23 L.R.A.(N.S.) 1228, and the later cases which are collated in a note in 41 L.R.A.(N.S.) 1119, tend to strengthen this position.

**Elector — attorney — admission to the bar of this state — admission before**
**qualification for office to which elected.**

2. Respondent, who was an elector of Mercer county, but who had not been admitted to practice as an attorney and counselor at law in the courts of North Dakota, but who was entitled to such admission on motion without examination as to his qualifications, was elected to the office of state's attorney at the general election in November, 1912. Thereafter and prior to his induction into office, he was, on motion, duly admitted as an attorney and counselor at law. *Held*, that his election was valid, and that he is entitled to hold such office. The case of Jenness v. Clark, 21 N. D. 150, is differentiated from the case at bar.

Opinion filed July 24, 1914.

Appeal from District Court, Mercer County, *S. L. Nuchols,* J.

Action in the nature of quo warranto to determine respondent's right to hold the office of state's attorney. From a judgment in defendant's favor, plaintiff appeals.

Affirmed.

*Newton, Dullam, & Young,* for appellant.

To be eligible to the office of state's attorney, a person must have been previously admitted to practise in this state as an attorney at law. 4 Cyc. 899; Rev. Codes 1905, §§ 494, 497; Const. § 211; Rev. Codes 1905, § 2494; State v. Russell, 83 Wis. 330, 53 N. W. 441; Jenness v. Clark, 21 N. D. 150, 129 N. W. 357, Ann. Cas. 1913B, 675.

A person who is ineligible to hold public office cannot be elected thereto, and if elected, his election is a nullity. State ex rel. Reynolds v. Howell, 70 Wash. 465, 41 L.R.A.(N.S.) 1119, 126 Pac. 954; Searcy v. Grow, 15 Cal. 118; People ex rel. Simmons v. Sanderson, 30 Cal. 160; Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802; People ex rel. Marshall v. Leonard, 73 Cal. 230, 14 Pac. 853; State ex rel. Richards v. McMillen, 23 Neb. 385, 36 N. W. 587; Re Corliss, 11 R. I. 638, 23 Am. Rep. 538; State ex rel. Thayer v. Boyd, 31 Neb. 682, 48 N. W. 739, 51 N. W. 602; State ex rel. Nourse v. Clarke, 3 Nev. 566; Brown v. Goben, 122 Ind. 113, 23 N. E. 519; State ex rel. Perine v. Van Beek, 87 Iowa, 569, 19 L.R.A. 622, 43 Am. St. Rep. 397, 54 N. W. 525.

*H. L. Berry* and *Thorstein Hyland,* for respondent.

Under both the Constitution and statutes, defendant possessed due

qualifications for such office. N. D. Const. ¶ 173; N. D. Rev. Codes 1905, ¶ 17; Session Laws, 1911, chap. 131, amending N. D. Rev. Codes 1905, § 605; State ex rel. Knappen v. Clough, 23 Minn. 17; N. D. Rev. Codes 1905, § 123, subdiv. 3; N. D. Rev. Codes 1905, § 499; Danford v. Egan, 23 S. D. 43, 139 Am. St. Rep. 1030, 119 N. W. 1021; 20 Ann. Cas. 418; Howard v. Burns, 14 S. D. 383, 85 N. W. 920.

It is sufficient that a candidate be qualified at the time of induction into office. State ex rel. Reynolds v. Howell, 41 L.R.A.(N.S.) 1119, note; Bradfield v. Avery, 23 L.R.A.(N.S.) 1228, note.

Fisk, J. Action in the nature of quo warranto. Plaintiff at all times mentioned was a citizen and qualified elector of Mercer county, and duly admitted as an attorney and counselor at law in the courts of this state. On July 1, 1912, he was duly appointed to the office of state's attorney of such county to fill a vacancy then existing therein, which term expired on the 1st Monday in January, 1913. He duly qualified pursuant to such appointment, and entered upon the discharge of his duties, and continued in such office until January 24, 1913.

Defendant at all times mentioned was a citizen and qualified elector of Mercer county, and at the general election held on November 5, 1912, he was a candidate for such office and received a majority of the votes cast for that office. Thereafter, and on November 20, 1912, a certificate of election to such office was issued to him by the county auditor. Within ten days after the 1st Monday in January, 1913, he filed his oath of office and official bond in conformity with the statute.

Plaintiff refuses to surrender the office to him, urging as a reason that defendant, at the time of his election, had not been admitted to practise as an attorney and counselor at law in this state. Defendant had been duly admitted to practise in the courts of Minnesota in 1880, and practised there for a period of about ten years thereafter. He was not admitted to practise in this state, however, until December 14, 1912.

Upon plaintiff's refusal to surrender the office to the defendant, the latter sued out an alternative writ of mandamus, in obedience to which writ plaintiff surrendered possession of the office to defendant on January 24, 1913, ever since which time defendant has been and still

is in possession of the office. This proceeding was brought to oust defendant from such possession, and to restore to plaintiff his alleged right to the exercise of the duties of such office, and to the fees, emoluments, and privileges thereof.

The trial court made findings and conclusions favorable to defendant, upon which judgment was rendered in his favor in June, 1913. From such judgment this appeal is prosecuted.

The facts are not in dispute. The sole question involved is whether the fact that defendant, at the date of his election, had not been admitted to practise as an attorney and counselor in the courts of this state, rendered him ineligible as a candidate. In other words, was his election null and void?

This question has been passed on by many of the courts of this country, and the decisions are much in conflict, but we are convinced that by the weight of modern authority, as well as by the sounder reason, the decision of the learned trial court was correct and should be affirmed.

There appears to be no express provision, either in our Constitution or in our Code, prescribing that a candidate for such office shall be licensed to practise as an attorney and counselor in the courts of this state; nor do we find any express provision prescribing as a necessary qualification for holding the office of state's attorney, that the incumbent be first admited to practise as an attorney and counselor in the courts of this state. It is, however, quite clearly implied, both in the Constitution and statutes, that the incumbent of such office shall possess such qualification. Section 173 of the Constitution enumerates the county officers to be elected at each general election, and among the list designated is "state's attorney," and this section also provides that all such enumerated county officers shall be electors of the county of which they are elected. The expression, "state's attorney," as thus used, clearly implies that such officer shall be an attorney and counselor at law, duly admitted in the courts of this state, and the statutes defining the duties of such official clearly contemplate and imply that such officer shall be a duly licensed attorney and counselor at law. The framers of the Constitution, as well as the legislature, evidently assumed, in accordance with universal custom and usage, that such officer

should possess this qualification, but as above stated, neither expressly so required.

For the purposes of this appeal we shall assume that by necessary implication, both from the Constitution and statutes, no person is competent to qualify and enter upon the discharge of his duties as state's attorney unless he is first duly licensed to practise as an attorney and counselor at law in the courts of this state. It does not follow, however, that he must have possessed such qualification at the date of his election. In other words, if at such time he was an elector of the county, he possessed sufficient qualification to render him eligible as a candidate at the election.

We shall not attempt to review the many authorities pro and con on the question before us, but will refer to the following recent authorities:

In the case of Ward v. Crowell, 142 Cal. 587, 76 Pac. 491, the facts were that one Crowell was elected to the office of county surveyor at the general election held on November 4, 1902, and the only question presented was whether he was legally incapable of holding said office because at the time of his election he was under a certain disability, which was removed before he entered upon the office. At the time of his election he was admittedly qualified to be so elected in every respect except one; to wit, he had not then received a licensed land-surveyor's certificate from the state surveyor, as provided by law, although he had received such certificate before the term of office commenced. It was there contended, as here, that for such reason he was not legally elected, and could not legally hold the office. Among other things, the court said:

"The general rule is that every citizen who is a qualified elector has the right to hold any office for which he has been elected or appointed. The general limitations of the right are these: 'No person is capable of holding a civil office who *at the time of his election or appointment* is not of the age of twenty-one years and a citizen of this state.' . . . 'No person is eligible to a county office who *at the time of his election* is not of the age of twenty-one years, a citizen of the state, and an elector of the county in which the duties of the office are to be exercised.' . . . 'No person is eligible to an elective county, district, or township office who, *at the time of his election,* is not of the age of twenty-

one years, a citizen of the state, and an elector of the county, district, or township in which the duties of the office are to be exercised . . .; and provided, further, that no person shall hereafter be eligible to the office of district attorney who has not been admitted to practise in the supreme court of the state of California.' . . . There are also some provisions of the Constitution and the Code of Civil Procedure to the effect that no person shall be eligible to certain offices unless he shall have been a citizen and resident for a certain period of time 'next preceding his election;' but none of these provisions include the office of county surveyor. However, in § 135 of the county government act it is provided that 'the county surveyor must be a licensed land surveyor of the state, and must make any survey that may be required by order of court,' etc.; and upon this provision the contention is based that appellant could not legally hold the office because at the time of his election he was not a licensed land surveyor. It will be observed that in this provision there is no reference to the time of the election of the county surveyor in office, or to his qualifications at that time, as there is in the provision above quoted relating to a district attorney, and as there is to other officers in other provisions of the law. It refers merely to a county surveyor, and means only that one not having the certificate cannot hold the office. There is a great deal of discussion in the briefs about the meaning of the word 'eligible,' but that word is not used at all in the provision in question. . . . The right of the people to select from citizens and qualified electors whomsoever they please to fill an elective office is not to be circumscribed except by legal provisions clearly limiting the right; and there is certainly no such clear limitation in said § 135. It has no express reference, nor any reference at all, to the time of the election of a county surveyor, or to the object of such election; and the intent that a disability so easily removable as the want of a surveyor's certificate shall not invalidate the people's choice of the county surveyor is made very apparent by the fact that with respect to many other offices there are express constitutional and statutory provisions that no person shall be chosen who had not certain qualifications at or 'before his election.' Of course, there may be cases,—as in People ex rel. Marshall v. Leonard, 73 Cal. 230, 14 Pac. 853,—where, in order to carry out clear constitutional or statutory intent, words may be construed in a broader

or more circumscribed sense when this can be done without violating the legitimate meaning of the language used; but there is no controlling consideration of that kind in the case at bar."

The court then refers to the case of State ex rel. Schuet v. Murray, 28 Wis. 96, 9 Am. Rep. 489, and while not approving the decision *in toto,* it does approve the distinction therein made between the capacity to be elected to an office and the capacity to afterwards hold such office, and remarks that the correct principle upon which a case like the one at bar should be decided was there stated, and it expressly approves the following language of the Wisconsin court: "We give force and effect to another fundamental principle of free government, equally as important as that which we have discussed, which is, that the *will of the majority constitutionally expressed must be obeyed."*

Another recent case is that of Bradfield v. Avery, 16 Idaho, 769, 23 L.R.A.(N.S.) 1228, 102 Pac. 687. That was an election contest involving the office of county superintendent of public instruction. The statute of Idaho prescribing the qualifications of such office reads as follows: "Provided, that no person shall be eligible to the office of county superintendent of public instruction except a first-grade practical teacher of not less than two years' experience in Idaho, one of which must have been while holding a valid first-grade certificate issued by a county superintendent, and the holder of a first-grade certificate at the time of his election or appointment, nor unless twenty-five years of age." The appellant was elected in November, 1908, but did not at such time hold a first-grade certificate, but such certificate was duly issued to him thereafter and prior to his induction into office. The court, in determining whether the statutory qualifications apply to the person at the time of election or at the time he is inducted into the office, said: "The serious question in this case is to determine whether, by the language used in the above section, the legislature intended to prescribe and fix the capability or fitness of a person to be elected to the office of county superintendent, or intended to fix and determine the capability and qualification of such person to hold such office after election. The word 'eligibility,' as used in connection with an office or the person to be elected to fill an office, has been variously defined by the courts and various constructions given to the use of such word, with reference to whether the same applies to the election to office or the

28 N. D.—15.

induction into office. The authorities upon both sides of this question are cited in 29 Cyc. 1376, and 10 Am. & Eng. Enc. Law, pp. 970, 971. We are satisfied that the better reason is with the proposition that, where the word 'eligibility' is used in connection with an office, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold the office, rather than the qualification to be elected to the office. Ibid."

The supreme court of Oklahoma in the very recent case of State ex rel. West v. Breckinridge, 34 Okla. 649, 126 Pac. 806, has cited and reviewed many authorities pro and con, from which we quote the following:

"On the second point made by the state on this phase of the case—i. e., that under § 1597, Comp. Laws 1909, the county attorney was not eligible to appointment—we have examined with care the cases relied upon as authority. The two leading cases supporting the contention are by the supreme court of Nebraska, and are State ex rel. Thayer v. Boyd, 31 Neb. 682, 48 N. W. 739, 51 N. W. 602, and State ex rel. Broatch v. Moores, 52 Neb. 786, 73 N. W. 304, wherein the word 'eligible' is defined by the Nebraska supreme court; and it was there held that the word meant 'capable of being chosen' as contradistinguished from 'right to qualify' at a time after election. But the provision under discussion was: 'Any person who is in default as collector or custodian of public money or property shall not be eligible to any office of trust or profit,' etc. The Nebraska court relied on its previous decisions, and also on certain early decisions of California (Searcy v. Grow, 15 Cal. 117; People ex rel. Marshall v. Leonard, 73 Cal. 230, 14 Pac. 853; State ex rel. Nourse v. Clarke, 3 Nev. 566), also on Carson v. McPhetridge, 15 Ind. 327; Jeffries v. Rowe, 63 Ind. 592, and a case from Minnesota (Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802). In Ward v. Crowell, 142 Cal. 587, 76 Pac. 491, the California supreme court reviews its earlier decisions, distinguishes them, and holds that a person not qualified to hold an office at the time of his election, but who became qualified before entering upon the office, could hold it.

"In the later case of Hoy v. State, 168 Ind. 506, 81 N. E. 509, 11 Ann. Cas. 944, the Indiana supreme court distinguishes and limits

the effect of its earlier decisions, and holds that, although a candidate is disqualified to hold an office at the time of his election to it, yet, if he can and does remove the disqualification before entering into the office, he can hold. See also Smith v. Moore, 90 Ind. 294; Brown v. Goben, 122 Ind. 113, 23 N. E. 519. The earlier Wisconsin decisions were modified in later ones, and in State v. Trumpf, 50 Wis. 103, 5 N. W. 876, 6 N. W. 512, it was held that an alien at the time of election, having been naturalized before the commencement of the term of office to which he had been elected, became eligible to hold it. The Nevada case has been considered and its reasoning criticized by the supreme court of Indiana (Smith v. Moore, supra), and by the supreme court of Kansas in Demaree v. Scates, 50 Kan. 275, 20 L.R.A. 97, 34 Am. St. Rep. 113, 32 Pac. 1123. The opinion of the Kansas court by Chief Justice Horton also disapproves of the reasoning of the Minnesota case (Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802). The syllabus to the Demaree Case, supra, is: 'Gen. Stat. 1889, ¶ 1622, provides that "no person holding any state, county, township, or city office, or any employer, officer, or stockholder in any railroad in which the county owns stock, shall be eligible to the office of county commissioner." Gen. Stat. Oct. 31, 1868, chap. 25, § 12. Held, that the word "eligible," as used in the statute, means "legally qualified;" that is, capable of holding office. The term "eligible," as used, does not mean "eligible to be elected to the office of county commissioner at the date of the election, but eligible or legally qualified" to hold the office after the election; that is, at the commencement of the term of office.' In State ex rel. Perine v. Van Beek, 87 Iowa, 569, 19 L.R.A. 622, 43 Am. St. Rep. 397, 54 N. W. 525, the subject is fully discussed, and the court says: 'Any person who can qualify himself to take and hold the office is eligible to it at the time of the election.' So far as we have been able to investigate, it seems the doctrine contended for by the state finds its main support in the cases from Nebraska and the case from Nevada. The cases relied on by the Nebraska court have, in the main, been overruled, modified, or limited in their effect by later decisions of the court rendering them, and the reasoning of the Nevada case has been criticized by Indiana and Kansas. The undoubted weight of authority is that in statutes or constitutional provisions, where the disqualification to hold office is in lan-

guage of similar import to that of the section of our law under consideration, that the word 'eligible' means 'legally qualified to hold office,' and does not mean 'proper to be chosen for office.'

"The following cases are in point:  State ex rel. Schuet v. Murray, 28 Wis. 96, 9 Am. Rep. 489; DeTurk v. Com. 129 Pa. 151, 5 L.R.A. 853, 15 Am. St. Rep. 705, 18 Atl. 757; Bradfield v. Avery, 16 Idaho, 769, 23 L.R.A.(N.S.) 1228, 102 Pac. 687; State ex rel. Thornburg v. Huegle, 135 Iowa, 100, 112 N. W. 234; People v. Hamilton, 24 Ill. App. 609; Kirkpatrick v. Brownfield, 97 Ky. 558, 29 L.R.A. 703, 53 Am. St. Rep. 422, 31 S. W. 137; Vogle v. State, 107 Ind. 374, 8 N. E. 164; Privett v. Bickford, 26 Kan. 52, 40 Am. Rep. 301." For other authorities, see valuable note to State ex rel. Reynolds v. Howell, 41 L.R.A.(N.S.) 1119.  Also Jones v. Williams, 153 Ky. 822, 156 S. W. 876.

From the above it is apparent that the modern trend of authority amply supports the conclusion arrived at by the learned trial judge.

But it is contended by appellant's counsel that by the decision of this court in Jenness v. Clark, 21 N. D. 150, 129 N. W. 357, Ann. Cas. 1913B, 675, the question here involved was settled adversely to the respondent.  A cursory examination of the opinion therein would tend, in a measure, at least, to justify such conclusion; but that case may be readily differentiated from the case at bar upon the facts.  There, we were dealing with a case where, by force of a demurrer to the complaint, it was admitted that the defendant was ineligible to hold the office involved, not only at the date of the election, but at the date of his induction into office and at all times since.  It is clear, therefore, that the question here presented could not, and did not, arise in that case. The gist of our holding in the Jenness-Clark Case was that in the light of the admitted fact, Clark was at all times ineligible to hold the office, Jenness was entitled thereto until a qualified successor had been chosen and had duly qualified, and that Clark could not qualify because of ineligibility to hold the office.

The judgment of the District Court is in all things affirmed.

SPALDING, Ch. J.  I concur in the result.