**Thomas W. NIELSEN, Contestant, Appellee and Cross Appellant,**

v.

**Gary D. NEUHARTH, Contestant, Appellant and Cross Appellee.**

Civ. No. 10372.

Supreme Court of North Dakota.

March 7, 1983.

James A. Wright, Jamestown, for contestant, appellee and cross appellant; argued by James A. Wright, Jamestown, appearance by Cecelia Ann Wikenheiser, Jamestown.

Pulkrabek & Tuntland, Mandan, for contestant, appellant and cross appellee; argued by Thomas Tuntland, Mandan.

PEDERSON, Justice.

This election contest pursuant to Ch. 16.-1–16, NDCC poses the question—do statutes relating to election qualifications require fulfillment "before taking office" or "before becoming a candidate?" The trial court concluded that because Neuharth did not meet the residence and elector requirements until some time after the general election, but before taking office, his election was void and the office was vacant. Neuharth appealed from that part of the judgment setting aside his election and Nielsen cross appealed from that part of the judgment declaring the office vacant. We reverse and remand.

LaMoure and Dickey Counties entered a multicounty agreement to share the services of a county judge as permitted by §§ 11–10–02(6) and 27–07.1–02, NDCC. Both Nielsen, who was a resident and elector of LaMoure County, and Neuharth, who was a resident and elector of Morton County, filed nominating petitions for the office of county judge in both LaMoure and Dickey Counties.

Both Nielsen and Neuharth were nominated in the 1982 primary election. Neither was challenged and their names were placed on the general election ballot. At the general election, Neuharth received more of the total votes cast in both counties than Nielsen. Neuharth thereafter established residence in Dickey County and became an elector shortly before January 1, 1983.

Statutes which appear to contain filing, residence or elector qualifications of candidates for county judge provide in part as follows:

(1) § 11–10–04, NDCC

"Except as otherwise specifically provided by the laws of this state, a county officer must be a qualified elector in the county in which he is chosen . . ."

(2) § 16.1–11–11, NDCC

"Every candidate for a county . . . office shall . . . present [a nominating petition] to the county auditor of the county in which he resides . . ."

(3) § 27–07.1–01, NDCC

". . . Each candidate for the office of judge of the county court in a county which has entered into a multicounty agreement shall comply with the appropriate filing requirements in each county to be served by the position."

(4) § 44–01–01, NDCC

"Every elector is eligible to the office for which he is an elector, except when otherwise specially provided. No person is eligible who is not such an elector." (See also § 54–01–24, NDCC)

Because no person simultaneously can be a resident and elector of two counties, §§ 54–01–26(2) and 16.1–01–04(2), NDCC, a person that moves from one county to another within the state remains an elector of the county from which he moves until he has established a new voting residence. N.D. Constitution Article II, § 1 and § 16.-1–01–05, NDCC. Thirty days in the new residence establishes a new voting residence. Section 16.1–01–04(1), NDCC.

Two quite ancient cases from this court have significant bearing on our disposition of this case: *Jenness v. Clark*, 21 N.D. 150, 129 N.W. 357 (1910) and *Enge v. Cass*, 28 N.D. 219, 148 N.W. 607 (1914). In syllabus 3 by the court and thus an explicit holding, this court said in *Jenness v. Clark:*

"A person who is ineligible to hold a public office cannot be elected thereto, and his election is a nullity . . . ."

We are not told in *Jenness v. Clark* what the disqualification was. It is quite obvious that the statutes now and always have used the term "qualify for office" to refer to the requirement to take an oath of office and to give an official bond. *Jenness v. Clark* did not involve that type of "qualification" question. The case involved a demurrer to a complaint which alleged that Clark was ineligible to hold the office *at all times.*

In the later case of *Enge v. Cass*, 28 N.D. 219, 228, 148 N.W. 607, 610 (1914), this court "differentiated" *Jenness v. Clark* in upholding the election of Cass as the states attorney of Mercer County, stating:

"There, we were dealing with a case where, by force of a demurrer to the complaint, it was admitted that the defendant (Clark) was ineligible to hold the office involved, not only at the date of

the election, but at the date of his induction into office and at all times since. It is clear, therefore, that the question here presented (meaning in *Enge v. Cass*) could not, and did not, arise in that case. The gist of our holding in the Jenness-Clark Case was that in the light of the admitted fact, Clark was at all times ineligible to hold the office, Jenness was entitled thereto until a qualified successor had been chosen and had duly qualified, and that Clark could not qualify because of ineligibility to hold the office."

In the light of what we said in *Enge,* we conclude that *Jenness* is not applicable here.[1] Applying *Enge,* we must reverse the judgment in this case for reasons hereinafter stated.

 *Enge v. Cass* did not involve "filing, residence or elector" but involved another requirement—admission to the practice of law in the courts of this state. Like Neuharth, Cass was obviously not "qualified" at the time he filed his petitions nor on the day he was elected, however, the disqualification was similarly removed in each instance before the time for taking office. Cass was admitted to the practice of law in this state before the date he was to become states attorney and Neuharth became a resident and elector of Dickey County before the date he was to become county judge. We conclude that *Enge v. Cass* is a binding precedent applicable to the instant case.

Quoting from a well-reasoned Idaho case, *Bradfield v. Avery,* 16 Idaho 769, 102 P. 687 (1909), this court said in *Enge v. Cass:*

". . . where the word 'eligibility' is used in connection with an office, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold the office rather than the qualification to be elected to the office." 28 N.D. at 226, 148 N.W. at 609.

1. Syllabus 3 of *Jenness v. Clark* is often interpreted to state that eligibility to hold office must be established in order to be a candidate for that office. It should be interpreted as holding that ineligibility to hold office ordinarily nullifies election. *Petition of Teigen,* 221 N.W.2d 94 (N.D.1974), can be distinguished in that the disqualification was of a type which could not be corrected in the time necessary to permit Teigen to assume the office if elected.

This leaves the matter within the scope of the Legislature to determine as a matter of policy. If it is advisable to prohibit candidates from seeking office until they are qualified to be candidates, the Legislature may do so by specific language.

 In the light of the disposition we have made of the first issue, the remaining issues raised by the parties become moot. Matters which are not necessary to a determination of a case need not be considered. *Hospital Services v. Brooks*, 229 N.W.2d 69 (N.D.1975).

Because this case involves a matter of public interest, neither party shall have costs on appeal. The judgment is reversed and remanded for entry of judgment in accordance herewith.

ERICKSTAD, C.J., VANDE WALLE and SAND, JJ., and BEEDE, District Judge, concur.

BEEDE, D.J. sitting in place of PAULSON, J., disqualified.