STATE EX REL. SCHOMMER, Respondent, vs. VANDENBERG, Appellant.

*December 6, 1916—January 16, 1917.*

*Elections: Validity: Ineligibility of person chosen: Town treasurer: Inability to qualify: Vacancy: Filling by appointment: Statute construed: "Elected."*

1. It is not necessary to the validity of an election that the person voted for should be then eligible to hold the office, if the electors in good faith believed he was and voted for him with that understanding. That he could not qualify would not affect the validity of his election, but merely his right to hold the office.
2. Where an ineligible person was legally elected town treasurer his, refusal, due either to inability or disinclination, to qualify for the office created a vacancy and, under sec. 818, Stats., the town board properly appointed another treasurer in his place.
3. A town treasurer appointed pursuant to sec. 818, Stats., is "elected" within the meaning of that word in sec. 811, which provides that every town officer shall hold his office "until his successor is *elected* and qualified."

APPEAL from an order and a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Action to test defendant's title to the office of town treasurer of the town of Freedom in Outagamie county. The complaint shows that at the annual town meeting in 1915 the defendant was duly elected town treasurer for one year and that he qualified and served as such during the year; that at the an-

nual town meeting for 1916 he received 152 votes for such
office, while one Leisch received 163 votes for such office, and
that the board of inspectors of the election certified that Leisch
was duly elected town treasurer for the ensuing year.   Leisch
refused to qualify on the ground that he was not at the time
of the election and has not since been qualified to hold the
office, though he and the electors believed he was qualified at
the time of the election.   It further shows that on April 19,
1916, and more than ten days after the election, the town
board duly appointed the complainant, *Schommer,* town
treasurer; that he has duly qualified and demanded the pos-
session of the office from the defendant and has by him been
refused possession.   The defendant demurred to the com-
plaint.   The court overruled the demurrer with leave to an-
swer within twenty-four hours.   Defendant failed to answer
within the prescribed time and judgment was entered against
him.   From the order overruling the demurrer and the judg-
ment of ouster the defendant appealed.

For the appellant there was a brief by *Rooney & Grogan,*
attorneys, and *George N. Danielson,* of counsel, and oral ar-
gument by *Francis J. Rooney.*

For the respondent there was a brief by *Morgan & Benton,*
and oral argument by *John Morgan.*

VINJE, J.   It was held in *State ex rel. Schuet v. Murray,*
28 Wis. 96, that it was not necessary to the validity of an
election that the person voted for should be then eligible to
hold the office if the electors in good faith believed he was
and voted for him with that understanding.   This rule was
reaffirmed in *State v. Trumpf,* 50 Wis. 103, 5 N. W. 876, 6
N. W. 512.   The case of *State ex rel. Bancroft v. Frear,* 144
Wis. 79, 128 N. W. 1068, does not hold the contrary.   In
that case the person voted for was, to the knowledge of the
voters, dead, hence no valid vote could be cast for him.   In
the present case it is admitted that Leisch was believed by the

electors to be eligible at the time the votes were cast. It follows from this that he was legally elected. That he could not qualify did not affect the validity of his election but merely his right to hold the office. Having been legally elected and having refused to qualify, a vacancy was created in the office of town treasurer. Sec. 818, Stats. 1915. The reason for a refusal to qualify is immaterial. It may be due to inability or to disinclination. Whatever the cause, a vacancy is created by the refusal. In this case a vacancy was also created by another clause of said section providing that a vacancy shall be created "if he shall be unable for any cause to perform his official duties." Here ineligibility to hold office rendered him unable to perform his official duties.

The contention that the provision in sec. 811, Stats. 1915, that the treasurer "shall hold until his successor is *elected* and qualified," excludes one who has been appointed and has qualified from lawfully holding the office must be held to be without force, because if sound it would render those provisions of the statute providing for an appointment meaningless. The words quoted must be held to include an appointee as well as one elected in order to give full force and effect to all the statutory provisions relating to the incumbency of the office.

Some argument is made that the defendant should now be allowed to answer if the order is affirmed, so that he may plead such defenses to the merits as he may have. No application to that effect was made to the trial court and we deem the record barren of any facts calling for further litigation of the matter.

*By the Court.*—Order and judgment affirmed.