BYRD *v.* COOK, Secretary of State, *et al.*

Contracts for the public printing are to be let to the lowest responsible bidder, and no public officer shall be interested, either directly or indirectly, in such contract. If the lowest bidder be a corporation the stockholders of which include a public officer at the time its bid is submitted and opened, and the stockholder who is a public officer severs his connection with the corporation by a bona fide sale of his stock, the corporation's disqualification to enter into the contract is removed, and it is competent to make a contract pursuant to its bid.

APRIL 10, 1917.

Petition for injunction. Before Judge Hill. Fulton superior court. July 11, 1916.

Charles P. Byrd, as a taxpayer and citizen, sought to enjoin the commissioners of public printing (composed of the secretary of State, the comptroller-general, and the State treasurer) and the Index Printing Company from entering into any contract with each other in regard to the public printing of the State of Georgia for the two years following the first Tuesday in August, 1916, on the ground that at the time the bids for the contract were applied for, submitted, and opened, the attorney-general, the State school commissioner, and the solicitor-general for the Toombs judicial circuit were stockholders in the Index Printing Company, and that such contract, if made, would be void under section 1337 of

42

the Code of 1910, which declares that no public officer shall be interested, either directly or indirectly, in any contract for the public printing of this State. Petitioner alleges, that, aside from the void bid of the printing company, his was the lowest of the seven bids submitted, and that he is entitled to have the contract awarded to him. The Index Printing Company answered that it was qualified to enter into the contract, that its bid was $7000 lower than that of the plaintiff, and that it was fully equipped and able to carry out any contract made with it pursuant to its bid. In his judgment denying an interlocutory injunction the court recited that three stockholders of the Index Printing Company at the time its bid was made and opened were holders of public offices, but that since that time and when the hearing was had these stockholders had ceased to be stockholders, by a bona fide sale of their stock in the corporation; and he adjudged that the sale of the stock by these stockholders removed the disqualification of the Index Printing Company to contract for the public printing, and authorized the commissioners of public printing to enter into a contract with it as being the lowest bidder. Byrd excepted to the refusal of an injunction.

*Moore & Pomeroy, Tye, Peeples & Tye,* and *King & Spalding,* for plaintiff. *Clifford Walker, attorney-general, Evins & Moore,* and *Mark Bolding,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) The constitution declares that the General Assembly shall provide by law for letting the public printing to the lowest responsible bidder, who shall give adequate and satisfactory security for the faithful performance thereof; and that no member of the General Assembly or any other public officer shall be interested, either directly or indirectly, in any such contract. Art. 7, sec. 17, par. 1. Obediently to this command of the organic law, the General Assembly enacted that the secretary of State, the comptroller-general, and the State treasurer were constituted commissioners of public printing, with full power to contract for and superintend the same; and that these commissioners shall biennially advertise for bids for the public printing, and that the contracts for such public printing will be awarded to the lowest and best bidder whose bid is filed in compliance with law, provided it shall appear that such bidder has the capacity and ability to perform the contract in such a way

as will promote the best interests of the State and secure the cheapest and most competent and efficient performance of the contract. Civil Code (1910), §§ 1338-1339. The requirement that bids shall be invited as to the lowest terms the bidder will undertake to perform the work is designed to secure the most advantageous contract for the State. Unrestricted competition among bidders is expected; and the statute regulating such bidding should be so construed as to encourage and not to restrict bidding. Neither the constitution nor the statutes of this State contain a proscription against any particular bidder. It is a matter of common knowledge that large industrial and commercial enterprises are very generally conducted by corporations. Oftentimes these corporations have a large number of shareholders, and in the multitude of numbers it would be passing strange that a holder of public office might not be a stockholder. It should not be of concern to the managers of a business corporation to know whether a stockholder is a public officer; and indeed it might be difficult for them to get this information. A bid might be made by a corporation in ignorance of the ownership of stock by a public officer, and the existence of any disqualification might be first discovered by an alert competitor who had filed a higher bid. In such case, if the lowest bidder is a corporation and the stockholder whose connection with it renders it incompetent to contract severs that connection, the public interest would not suffer in accepting the lowest bid if the bidder be otherwise unobjectionable. The proscription is not against the bidding, but against entering into the contract. The fact that the contractor must be found among the bidders does not compel a construction that the bidder must be without disqualification to bid. The case may be analogized to that of a public officer who is disqualified to hold office at the time of his election; nevertheless he may hold the office if the disqualification be removed subsequently to the election. It has been held that though a public officer at the time of his election is an alien and is consequently ineligible to hold office, his naturalization as a citizen before his induction to office removes this disability and entitles him to the office. State v. Van Beek, 87 Ia. 569 (54 N. W. 525, 19 L. R. A. 622, 43 Am. St. R. 397) ; State ex rel. Schuet v. Murray, 28 Wis. 96 (9 Am. R. 489). In the instant case the public officers who owned stock in the corporation which was the

lowest bidder disposed of their holdings, and the commissioners of public printing recognized the bidder as competent to enter into the contract after the removal of the disqualification. No attack is made upon the good faith of any party to the transaction. Indeed it is said by counsel in their brief: "The high character and standing of the public officers of the State who were stockholders in this bidding corporation rob.the case of any personal equation, and enable us, as it will enable the court, to say that the good faith of the parties and their high character is conceded and is in no way touched by this transaction." We are of the opinion that the disposal of the stock in the successfully bidding corporation, after the bids were opened, removed the disqualification and rendered the corporation competent to enter into the contract.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*