(No. 4765.   November 3, 1927.)

MRS. H. G. HAYES, Appellant, v. INDEPENDENT SCHOOL DISTRICT No. 9, Twin Falls County, Idaho, Respondent.

[260 Pac. 1031.]

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—LACK OF PROPER CERTIFICATE—NO RECOVERY FOR COMPENSATION—NO DAMAGES FOR UNEMPLOYMENT.

Where school-teacher, under Laws 1921, chap. 215, secs. 76, 83, was not entitled to certificate on date of discharge, because of not having entered examination previous thereto, recovery cannot

be had for compensation, nor can damages for unemployment thereafter be recovered, since contract of employment was invalid without certificate.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action for wages and damages for wrongful discharge. Judgment for defendant. *Affirmed.*

Harry Benoit and Harry Hazel, for Appellant.

"An unauthorized contract with a teacher may be ratified by those having authority to contract, either expressly or by acts recognizing the employment, as by partly performing the contract making payments for services, accepting its benefits, and the like." (*School District v. Wood,* 32 Ida. 484, 185 Pac. 300.)

It is plain from the provisions of our law (1921 Sess. Laws, sec. 76, p. 464 et seq.), that the matter of issuing and annulling teachers' certificates is placed exclusively under the control and jurisdiction of the state board of education. (1921 Sess. Laws, sec. 49, p. 454; *Clune v. School Dist. No. 3,* 166 Wis. 452, 6 A. L. R. 736, 166 N. W. 11; *Bradfield v. Avery,* 16 Ida. 769, 102 Pac. 687, 23 L. R. A., N. S., 1228; *Wendt v. Waller,* 46 N. D. 268, 176 N. W. 930.)

"A certificate being issued or indorsement made thereon by the officer specially authorized to make the same, it is presumed to be valid; and in the absence of fraud is not subject to attack collaterally." (*State ex rel. Lindburg v. Grosvenor,* 19 Neb. 494, 27 N. W. 728.)

The law does not require that the teacher must be the holder of a certificate issued under the Idaho laws before she is eligible to enter into a contract to teach. (1921 Sess. Laws, sec. 46, p. 446(1); sec. 76, p. 464; sec. 101, p. 471.)

Publisher's Note.

See Schools and School Districts, 35 Cyc., p. 1070, n. 8, p. 1071, n. 9.

Bothwell & Chapman, for Respondent.

Appellant's purported contract of employment as a teacher, upon which she seeks recovery, is null and void and cannot form the basis of a recovery of salary as a teacher, for the reason that at the date of its execution and at the date upon which she alleges to have entered upon her duties thereunder appellant was not the holder of a valid state, county or state normal school certificate, and in force for such time, issued under the laws of Idaho; and she is not legally entitled to, and cannot receive, any compensation for the time she taught in the schools of respondent without such certificate valid under the laws of this state and in force for such time in Twin Falls county.   (Sess. Laws 1921, sec. 46, p. 446, subd. 30, sec. 46, p. 452; sec. 49, p. 454; sec. 76, p. 464; sec. 78, p. 464; sec. 82, p. 465; sec. 101, p. 471; *School District No. 15 of Fremont County v. Wood,* 32 Ida. 484, 185 Pac. 300; 35 Cyc. 1070.)

Appellant was charged with the burden of proving that she was the holder of a certificate valid under the laws of Idaho and in force in Twin Falls county at the date of the contract and during the time she taught in the schools of respondent.   This fact she failed to prove by the production of a certificate issued months subsequent to her dismissal. There can be no legal excuse for such failure.   Respondent was entitled to allege and raise all matters of defense, as in regard to appellant's disqualification at the times in question, and this does not constitute a collateral attack upon such belated certificate.   (35 Cyc. 1106, 1107, *Ryan v. School District No. 13,* 27 Minn. 433, 8 N. W. 146.)

Since appellant's contract is absolutely null and void, she was not entitled to a hearing by respondent's board of trustees before her dismissal as a teacher by respondent.   Appellant was discharged solely because her purported contract of employment ·is null and void.   (1921 Sess. Laws, subd. 7, sec. 46, p. 447; *West v. Hedges,* 88 Or. 158, 171 Pac. 766.)

GIVENS, J.—Respondent's board of trustees, by written contract, May 25, 1922, employed appellant to teach in the town of Castleford for nine months beginning September 5, 1922, at an agreed and stipulated compensation. Appellant commenced work on the 5th continuing until the 28th, when she was released because she did not have a state of Idaho teacher's certificate, in compliance with sec. 76 of chap. 215 of the 1921 Session Laws, page 464. Under protest she ceased work a day or two thereafter, and later brought suit for compensation claimed to be due for the time she taught, and for damages accruing between the date of her discharge and the securing of other employment, and attorneys' fees.

The defense was the lack of a certificate as required by sec. 76, *supra.* Appellant's counter attack was that she had an Idaho certificate, dated September 1, 1922, though in fact not issued until after December 25, 1922, the same based on appellant holding a sixty-hour diploma from the Kirksville, Missouri, State Normal School, and being a graduate from a two-year normal course thereat, and a successful examination as provided in sec. 82, chap. 215, *supra.*

Respondent contends that this certificate could have no retroactive effect and that appellant must have had an Idaho certificate at the time of her employment, if not at the time the contract was made.

The deposition of Carrie E. Plummer, an attache of the office of the state board of education, shows that appellant made application for state elementary certificate August 10, 1922, received in the board's office, August 17th, and that on September 1st the office received, by means of appellant's diploma above referred to, proof of her graduation from the two years' normal course and that, on September 30th, she entered examinations on the two subjects required by sec. 82, p. 465, of the 1921 Session Laws, and was on October 20, 1922, notified that she had passed, and that on payment of the fee of five dollars the certificate would be issued, which was done December 5, 1922, dated September 1, 1922.

It thus appears that on September 30, 1922, aside from the payment of the five dollar fee, the appellant had furnished the state board with the necessary credentials and proof that she was entitled to a certificate, though the passing grades were not determined to be such until October 20th.

*Bradfield v. Avery,* 16 Ida. 769, 102 Pac. 687, 23 L. R. A., N. S., 1228, passed upon the board's right to antedate a certificate under sec. 593 of the Revised Codes, holding that the board could antedate the certificate to the time the applicant had furnished proof of his or her qualification. Sec. 593 was later substantially enacted as C. S., sec. 5953, which was in turn repealed by the 1921 Session Laws, and sec. 83 came into effect. Sec. 593, *supra,* and the sections extant at that time pertinent to the discussion herein were no more, if not in fact less, restrictive than secs. 76 and 83, *supra.* Applying, therefore, the rule laid down in *Bradfield v. Avery, supra,* to the facts herein, the earliest that the certificate could have been dated was September 30th, prior to which date the respondent board had notified appellant that her contract was void. Since she had no valid contract because she possessed no Idaho certificate, for the time she taught she was not entitled to compensation from September 5th to the 22d (sec. 76, *supra*), and for the same reason she was not entitled to damages for her unemployment after her discharge.

Numerous statutes of a similar character are referred to, and the various constructions placed thereon, are discussed in 35 Cyc. 1070. Each statute, however, is worded differently and must be considered by itself, and inasmuch as our court has heretofore substantially decided the sole question involved herein, it is unnecessary to refer to or analyze such or any other authorities.

The judgment is affirmed, costs awarded to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.