[L. A. No. 1396.    In Bank.—March 25, 1904.]

S. L. WARD, Respondent, v. ARCHIE F. CROWELL, Appellant.

ELECTION CONTEST—COUNTY SURVEYOR—QUALIFICATION OF INCUMBENT—LICENSED LAND SURVEYOR'S CERTIFICATE.—The election of a county surveyor who was in all respects qualified at the time of his election, with the exception that he had not then received the licensed land-surveyor's certificate from the state surveyor provided for in section 135 of the County Government Act, which he obtained before his term of office commenced, cannot be successfully contested by an elector on that ground.   The provision requiring such certificate does not go to his eligibility at the time of election, but only goes to his right to hold the office.

ID.—CONSTRUCTION OF CODE—LAW OF PROCEDURE.—Section 1111 of the Code of Civil Procedure, authorizing any elector to contest the right of a person declared elected to an office, " When the person whose right to the office is contested was not, at the time of his election, eligible to such office," is only a part of the law of procedure, and is not substantive law on the question of eligibility.

APPEAL from a judgment of the Superior Court of San Diego County.   Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Hendrick & Wright, for Appellant.

Luce & Sloane, for Respondent.

McFARLAND, J.—This is a proceeding brought in the superior court by the contestant, S. L. Ward, who is an elector of the county of San Diego, to contest the right of

the defendant, Archie F. Crowell, to the office of county surveyor of said county. Judgment in the superior court was for contestant, adjudging and decreeing that the defendant had no right to said office, and from this judgment the defendant in said proceeding appeals.

Crowell was elected to the office of county surveyor at the general election held on November 4, 1902; and the only question presented by this appeal, except some technical points raised by appellant, which, under our views of the case, need not be determined, is whether appellant is legally incapable of holding said office because at the time of his election he was under a certain disability, which was removed before he entered upon the office. At the time of his election he was admittedly qualified to be so elected in every respect except one,—to wit, he had not then received a licensed land-surveyor's certificate from the state surveyor, as provided in "An act to define the duties of and to license land surveyors," approved March 31, 1891, (Stats. 1891, p. 478,) although he had received such certificate before the term of office commenced; and it is contended that for this reason he was not legally elected and cannot legally hold the office. We do not think that this contention is maintainable.

The general rule is, that every citizen who is a qualified elector has the right to hold any office for which he has been elected or appointed. The general limitations of the right are these: "No person is capable of holding a civil office who *at the time of his election or appointment* is not of the age of twenty-one years and a citizen of this state." (Pol. Code, sec. 841.) "No person is eligible to a county office who *at the time of his election* is not of the age of twenty-one years, a citizen of the state, and an elector of the county in which the duties of the office are to be exercised." (Pol. Code, sec. 4101.) "No person is eligible to an elective county, district, or township office, who, *at the time of his election,* is not of the age of twenty-one years, a citizen of the state, and an elector of the county, district, or township in which the duties of the office are to be exercised . . . ; and provided further, that no person shall hereafter be eligible to the office of district attorney who has not been admitted to practice in the supreme court of the state of California." (County Government Act, sec. 54.) There are

also some provisions of the constitution and the Code of Civil Procedure to the effect that no person shall be eligible to certain offices unless he shall have been a citizen and resident for a certain period of time "next preceding his election"; but none of these provisions include the office of county surveyor. However, in section 135 of the County Government Act it is provided that "the county surveyor must be a licensed land surveyor of the state, and must make any survey that may be required by order of court," etc.; and upon this provision the contention is based that appellant could not legally hold the office because at the time of his election he was not a licensed land surveyor. It will be observed that in this provision there is no reference to the time of the election of the county surveyor in office, or to his qualifications at that time, as there is in the provision above quoted relating to a district attorney, and as there is to other officers in other provisions of the law. It refers merely to a county surveyor, and means only that one not having the certificate cannot hold the office. There is a great deal of discussion in the briefs about the meaning of the word "eligible," but that word is not used at all in the provision in question. None of the former decisions of this court cited by counsel are determinative of the question raised in the case at bar. In *Searcy* v. *Grow,* 15 Cal. 118, Grow had held a federal office when elected sheriff, although he had resigned before he took possession of the sheriff's office. The state constitution provided that no person holding a federal office "shall be eligible to any civil office of profit under this state"; and the court held that the word "eligible," as used in the provision of the constitution, meant "capable of being elected," and discussed the evident policy intended to be expressed by the constitutional provision there in question. In *Walther* v. *Rabolt,* 30 Cal. 186, it was merely held that under the common law an alien could not hold an office, and that in this state there had been no constitutional or statutory modifications of that principle. In *Palmer* v. *Woodbury,* 14 Cal. 43, the question was whether the board of pilot commissioners could legally appoint a pilot who had not the qualifications prescribed by the act providing for such appointment; and it was held that they could not, because the act provided that "persons applying" for an

appointment must have the requisite qualifications. In *People* v. *Leonard,* 73 Cal. 230, the appellant had been legally elected to a county office, and after he had held it for some months he was appointed to a federal office, and he contended that he could continue to hold both offices, notwithstanding the constitutional provision that no one holding a federal office ''shall be eligible'' to any office in this state, because he was eligible at the time of his election to the county office. But the court discusses at length the evident purpose of the constitutional provision ''to prevent a conjunction of a federal and state office of profit in the same person''; and speaking of the word ''eligible'' the court say: ''We think, *to carry out the intention of the constitutional convention,* we ought to give it a more extended significance than is generally given, and hold that it means both 'incapable of being legally chosen' and incapable of legally holding.'' But the ground on which that decision went is not present in the case at bar, and the reasoning is inapplicable here, even if the word ''eligible'' were in section 135 of the County Government Act. In *People* v. *Hecht,* 105 Cal. 621,[1] the question presented in the case at bar was not in any way involved. The question there was whether two of the defendants were legal members of a board of fifteen freeholders organized to prepare and submit a free-holders' charter. Under the constitution no one could be a member of such board unless he had been a qualified elector of the city for *at least five years.* One of the two defendants had been a qualified voter for only three years, and the other for only two years. They were therefore disqualified to hold the office, regardless of their election, and there was no question as to the *status* when they went into office being different from that when they were elected. Moreover, the constitutional provision there involved provided that a city might adopt a charter ''by causing a board of fifteen electors *who shall have been for at least five years qualified electors thereof to be elected,''* etc.; and the provision clearly is, that the members voted for must have the said qualification when the city acts by ''causing a board . . . to be elected.''

The right of the people to select from citizens and qualified electors whomsoever they please to fill an elective office is not to be circumscribed except by legal provisions clearly

[1] 45 Am. St. Rep. 96.

limiting the right; and there is certainly no such clear limita-
tion in said section 135.  It has no express reference, nor any
reference at all, to the time of the election of a county surveyor,
or to the subject of such election; and the intent that a
disability so easily removable as the want of a surveyor's
certificate shall not invalidate the people's choice of the county
surveyor is made very apparent by the fact that with respect
to many other offices there are express constitutional and
statutory provisions that no person shall be chosen who had
not certain qualifications at or "before his election."   Of
course, there may be cases—as in *People* v. *Leonard,* 73 Cal.
230—where, in order to carry out clear constitutional or
statutory intent, words may be construed in a broader or
more circumscribed sense when this can be done without vio-
lating the legitimate meaning of the language used; but there
is no controlling consideration of that kind in the case at bar.

Authorities outside of this state have been cited on the
general subject by both sides.   They are not entirely har-
monious, and can hardly be said to fit very closely the lan-
guage used in our law touching county surveyors.   We think
that in *State* v. *Murray,* 28 Wis. 96,[1] the proper distinction
is made between capacity to be elected to an office and capacity
to afterwards hold such office, and that the correct principle
upon which a case like the one at bar should be decided was
there stated.   We are not called upon to go as far here as
the court went in that case, where it was held that although
the person elected to an office was not a citizen at the time
of his election, yet, having been naturalized before the com-
mencement of the term of the office, he could legally hold it.
Perhaps in that case the general disability of aliens to take
any part in the government should have been given more
weight.   But in the case at bar no fundamental constitutional
principles are involved; the respondent was a citizen and an
elector, and had all the general constitutional rights to hold
office which any citizen can have.   In the case just cited
the court, after having noticed other matters discussed, well
said, "We must give force and effect to another fundamental
principal of free government, equally important as that which
we have discussed, which is, that the *will of the majority con-
stitutionally expressed must be obeyed.*"   In *State* v. *Van*

[1] 9 Am. Rep. 489.

*Beek,* 87 Iowa, 569,[1] the subject is fully discussed, and the supreme court of Iowa holds that "any person who can qualify himself to take and hold an office is eligible to it at the time of the election," although he was under some disability on the day of election. That was also a case where the disability existing at the time of the election, which had been removed before the holding of the office commenced, was of a much graver nature than the one involved in the case at bar.

Respondent relies to some extent on section 1111 of the Code of Civil Procedure. This section provides that "any elector" may contest the right of any person declared to have been elected to an office, for certain causes, and, among others, "When the person whose right to the office is contested was not, at the time of his election, eligible to such office"; and subsequent sections provide how the elector shall proceed to institute and conduct such contest. This section is clearly a part of the law of procedure, and not substantive law. It provides by whom and by what proceedings such contest may be carried on; it does not prescribe any additional disqualifications of persons to hold office. It throws no new light upon the question whether at the time of his election the appellant was "capable of being elected." There was an exactly similar provision in the code of Iowa which was invoked in *State* v. *Van Beek,* 87 Iowa, 569,[1] which provided for contesting an election upon the ground, among others, that the person declared elected "was not eligible to office at the time of his election." But the court held that "one who may be eligible at the time for qualifying is eligible to the office at the time of election."

The judgment appealed from is reversed.

Shaw, J., Angellotti, J., Lorigan, J., Van Dyke, J., and Beatty, C. J., concurred.

[1] 43 Am. St. Rep. 397.