[S. F. No. 11726. In Bank.—December 1, 1925.]

# FRED E. HELWIG, Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—MUNICIPAL COURTS—QUALIFICATION OF JUDGES.—A judge of a police court of a municipality, who has not been admitted to practice before the supreme court of the state for a period of at least five years prior to the establishment of a municipal court by said municipality, with territorial jurisdiction coextensive with that of the police court, does not become a judge of said municipal court by virtue of its establishment and he is not entitled to the salary of said office.

[2] ID.—CONSTRUCTION OF CONSTITUTION—QUALIFICATION OF JUDGES.— The provisions of section 11 of article VI of the constitution, relating to the establishment of municipal courts and the filling of the positions thereof, and section 23 of article VI of the constitution, with reference to the qualification of judges, are to be read together as though they were embraced in one section and are to be interpreted consistently, if possible, with each other; and so interpreted the latter section was intended to define an essential qualification of those persons who were to become judges of municipal courts, that is, that they should have been admitted to practice before the supreme court of the state for a period of at least five years immediately preceding their election or appointment to such offices.

[3] ID. — DEFINITION OF "ELIGIBLE." — The word "eligible" as used in section 23 of article VI of the constitution, as amended, should not be construed as meaning "electable" and thus confine the scope of the section so as to exclude the sort of succession to the office of judge of the municipal court provided in the preceding portion of the section, but the term must be construed to mean "the qualification to hold as well as to be elected to" the particular office.

[4] ID.—VACANCY IN MUNICIPAL COURT—APPOINTMENT BY GOVERNOR.— Immediately upon the establishment of a municipal court in a municipality of the second and a half class and of the concurrence of a condition whereby there were not a sufficient number of judges of inferior courts therein qualified to fill the positions provided for cities of that class, a vacancy arose and existed in the office of the judge of the municipal court of the municipality, which the Governor of the state was authorized to fill by appointment under section 17 of the act of 1925 (Stats. 1925, pp. 648–652).

(1) 33 C. J., p. 939, n. 82 New.    (2) 12 C. J., p. 708, n. 38; p. 939, n. 82 New.    (3) 20 C. J., p. 401, n. 55.    (4) 33 C. J., p. 948, n. 64, p. 949, n. 93.

APPLICATION for a Writ of Mandate to compel a County Auditor to issue his warrant for the salary of a Judge of a Municipal Court. Writ denied.

The facts are stated in the opinion of the court.

N. M. Reid and Frank M. Linnell for Petitioner.

Edward T. Bishop, County Counsel, and Chas. E. R. Fulcher, Deputy County Counsel, for Respondent.

RICHARDS, J.—The petitioner herein applies for a writ of mandate to be directed to the respondent herein in his capacity as county auditor of the county of Los Angeles, commanding him to audit and approve the petitioner's claim and demand for the sum of $129, alleged to be due to petitioner as his salary as judge of the municipal court of the city of Long Beach for the period between July 24, 1925, and July 31, 1925, inclusive. The particular facts upon which his said application is based and is resisted are embraced in the stipulation of the parties hereto as to the facts of the case, which reads as follows:

"Petitioner was, prior to July 24, 1925, and still is unless his status as such is affected by the establishment of the Municipal Court in the City of Long Beach, the duly elected, qualified and acting Police Judge of the City of Long Beach. The territorial limits of the City of Long Beach are coextensive with the territorial limits of the Police Court of the City of Long Beach. Petitioner is an elector of the City of Long Beach, was admitted to practice law before the Supreme Court of Michigan October 5, 1901, and ever since has continuously practiced law. Petitioner was admitted to practice law before the Supreme Court of the State of California on the 19th day of April, 1922. The next municipal election of the City of Long Beach (Stats. 1925, p. 1349) will be held in the month of May, 1927. In pursuance of Amendment No. 35 (section 249a) of the Charter of the City of Long Beach, Article VI of the Constitution of the State of California and chapter 358, Laws of 1925 of the State of California, there was established in the City of Long Beach, on the 24th day of July, 1925, a Municipal Court. On the 24th day of July, 1925, Petitioner took the

oath of office as Judge of the Municipal Court of the City of Long Beach and entered upon and exercised the duties of the Judge of said Court. On July 31, 1925, Petitioner in due form presented his claim for salary as such Judge in the sum of One Hundred Twenty-nine Dollars ($129.00), but Respondent refused, has ever since refused and still refuses to pay said sum or any part thereof.''

[1] The primary question which stands upon the threshold of this proceeding is this: Assuming, as the parties hereto assume, that the proper interpretation of the recent constitutional amendment relating to the creation of municipal courts and of the recent statute adopted in conformity therewith permits the establishment of a system of municipal courts in the city of Long Beach; and assuming that the said municipality has by proper amendment to its charter established such system of municipal courts, has the petitioner herein become by virtue thereof a judge of said municipal court, and as such entitled to the salary of such office, notwithstanding the fact that he has not been an admitted practitioner before the supreme court of this state for the period of five years immediately prior to the period during which he claims to have been a judge of the municipal court of the city of Long Beach and as such entitled to the salary of such office?

The provisions of the recent amendment to certain sections of article VI of the constitution of California relative to the qualifications of judges of municipal courts are two. The portion of section 11 thereof which relates thereto reads as follows:

''Upon the establishment of any such municipal court, and until the first election and the qualification of the judge or judges thereof and the first appointment and the qualification of the clerks and other attaches thereof, the judges or justices and the clerks and other attaches of any existing inferior courts in such city or city and county or township shall become and act as the judges, clerks and attaches respectively of such municipal court.''

The other provision in said constitutional amendment relative thereto is section 23 thereof, which reads as follows:

''No person shall be eligible to the office of a justice of the supreme court, or of a district court of appeal, or of a judge of a superior court, or of a municipal court, unless

he shall have been admitted to practice before the supreme court of the state for a period of at least five years immediately preceding his election or appointment to such office."

It is the contention of the petitioner herein that by the use of the phrase in the former of the two above excerpts from the constitutional amendment reading: "the judges or justices . . . of any existing inferior courts . . . shall become and act as the judges . . . of such municipal court," that the then qualified police judges and city or township judges within the municipality establishing such municipal court should continue in office until the next municipal election with merely the change of title to that of judges of the municipal court and with the added jurisdiction given to such courts; and that the provisions embraced in section 23 of said amendment can only have been intended to have application to those judges of municipal courts who were to be subjects of election thereafter, or of appointment in the event of vacancies in such office. This contention, while it has much of plausibility to support it, is one to which we are unable to give our adherence. [2] The foregoing provisions of the constitutional amendment are to be read together as though they were embraced in one and the same section thereof and are to be interpreted consistently, if possible, with each other. So interpreted it seems to us that section 23 of said amendment was intended to define and state an essential qualification of those persons who were to become and be and act as judges of municipal courts. This view gains added force when it is noted that section 23 of said constitutional amendment is not in its entirety a new section imported into our constitution by such amendment, but that in the main it is the original section thereof as adopted in 1879 and as applicable to the judges and justices of all courts of record then and thereby called into being; that the phrase "or of a district court of appeal" was added thereto when such courts came into existence; that the phrase "or of a municipal court" was introduced therein by the recent amendment; that the concluding clause in said amendment relating to the period of time during which the judges and justices referred to in said section shall have been practitioners before the supreme court prior to their election or appointment to their respective offices has reference not merely to judges of the municipal court, but to the judges

and justices of all courts of record. With this analysis of section 23 of said amendment in mind, it would seem to be clear that the phrase therein, "preceding his election or appointment to such office," is not to be given the narrow application for which the petitioner herein contends, nor to have reference merely to the particular situation arising out of the establishment of municipal courts, but that, on the contrary, the provisions of said section taken as a whole were intended originally, and as from time to time amended, to set forth an essential qualification of all occupants of the office of judge or justice of any and all courts of record within this state.

[3]  The petitioner, in support of his aforesaid contention, urges that we should give to the term "eligible" as used in section 23 of said amendment a meaning synonymous with "electable" and thus confine the scope of said section so as to exclude the sort of succession to the office of judge of the municipal court provided for in the preceding portion of said amendment, and cites *Ward* v. *Crowell*, 142 Cal. 587 [76 Pac. 491], as supporting his said contention. We do not so read that decision, nor do we find that it was intended to in any way overrule or depart from the definition of the term "eligible" as given in the case of *People* v. *Leonard*, 73 Cal. 230 [14 Pac. 853], wherein this court held that said term when found in the constitution must be construed to mean "the qualification to hold as well as to be elected to" the particular office. We approve the foregoing definition of that term as applicable to its use in section 23 of said amendment to the constitution, especially since the same expression appears in said section in its original form.

[4]  The petitioner further argues that if the interpretation of the foregoing provisions of the constitutional amendment for which he contends is not adopted a serious condition will arise with relation to municipal courts and their judges, for the reason that neither the amendment in question nor the statute recently enacted for the purpose of giving effect to its provisions contemplate the appointment by the Governor of any person or persons to the office of judge of the municipal court until a vacancy has occurred in such office, and that such vacancy can occur only through the cessation of a prior incumbency. This question, however, is fully discussed in the case of *Wallace* v. *Payne, post,*

p. 539 [241 Pac. 879], and to which reference is hereby made for a determination of this question.

It is our conclusion from the foregoing considerations that the application of the petitioner herein for a writ of mandate should be and the same is hereby denied.

Myers, C. J., Seawell, J., Shenk, J., Waste, J., Lawlor, J., and Lennon, J., concurred.