[S. F. No. 15413. In Bank.—April 16, 1935.]

LYNDEN BOWRING, Petitioner, v. ROBERT DOMIN-
GUEZ, as City Clerk, etc., et al., Respondents.

Rush & Bierne, Bernard Potter, Jarvis R. Wilder and
Lynden Bowring, *in pro. per.*, for Petitioner.

W. C. Dalzell, Ray L. Chesebro, City Attorney, and Leon
T. David, Assistant City Attorney, for Respondents.

CURTIS, J.—Proceedings in mandate against the City
Council and City Clerk of the City of Los Angeles. The
practical effect of granting the petition would be to declare
that the petitioner was nominated at the recent primary
election as a candidate for the office of municipal judge of
said city, being office No. 10, instead of the respondent, Dela-
mere Frances McCloskey. Said respondent and petitioner,
together with Joseph Marchetti and four others, were can-

didates for said office No. 10, with the result that Joseph Marchetti received the highest number of votes cast for said office, said Delamere Francis McCloskey received the next highest number of votes cast for said office, and petitioner received the third highest number of votes cast for said office. There is practically no dispute as to the material facts involved in this proceeding. The primary election at which said parties were candidates for nomination to said office No. 10 was held on the second day of April, 1935. The municipal election to elect an incumbent for said office No. 10 will be held on May 7, 1935. The term of the successful candidate at said election will commence on July 1, 1935. Respondent McCloskey was admitted to practice before the Supreme Court of this state on the third day of June, 1930, and not before. McCloskey on the day of said election will not have been admitted to practice before the Supreme Court of this state for a period of five years immediately preceding said day of election. The Constitution of the state provides that no person shall be eligible to the office of ''a Judge of the Municipal Court, unless he shall have been admitted to practice before the Supreme Court of the State for a period of at least five years immediately preceding his election or appointment to such office''. (Sec. 23, art. VI of the Constitution.

Petitioner therefore contends that respondent McCloskey is ineligible to said office and that under the city charter of said city, section 333, petitioner, having received the next highest number of votes cast for said office is the legally nominated candidate for said office in the place of McCloskey. Said section reads as follows: ''In the event of the death, resignation or other disqualification of any candidate nominated at a primary nominating election for any office, such resignation being duly sworn to and filed with the City Clerk, the person who received the highest vote of those who were candidates for such office, other than the candidates who were nominated therefor at the primary nominating election, shall be deemed a candidate and, if practicable, his name shall be printed upon the ballot to be used at the general municipal election, with the same force and effect as if such person had been nominated therefor as hereinbefore provided.''

There can be no question under the provisions of this section of the charter that petitioner was nominated at said primary election for said office, and that he is entitled to have his name printed upon the ballots to be used at said general election if respondent McCloskey is ineligible to said office.

█ His eligibility to said office depends entirely upon the construction and meaning to be given to section 23 of article VI of the Constitution referred to above. In clear and explicit terms this section provides that no person shall be eligible to the office of judge of the municipal court unless he shall have been admitted to practice before the Supreme Court of the state for a period of at least five years immediately preceding his election. There can be no mistaking the meaning of the language of this section. It expressly requires that a candidate for the office of municipal judge shall have been admitted to practice law at least five years immediately preceding his election to said office. Under the plain and clear meaning of this section of the Constitution, we are compelled to hold that respondent McCloskey is ineligible to said office and would be disqualified from holding said office if elected thereto at the general election to be held on May 7th next.

Respondent McCloskey, however, contends that under this section of the Constitution, it is sufficient if the elected candidate has been admitted to practice for the required five years before the commencement of the term of office to which he is elected. A number of authorities are cited in support of this contention. Most of these are from foreign jurisdictions, but even they, when carefully analyzed, fail to support the position of respondent McCloskey. *Ward* v. *Crowell*, 142 Cal. 587 [76 Pac. 491], is the sole California case cited by said respondent. It involved the right of the defendant therein to hold the office of county surveyor of San Diego County. It was contended that he was ineligible to hold the office because he did not at the time of his election hold a licensed land surveyor's certificate, although he received such a certificate before his term of office commenced. In discussing defendant's right to the office the court said (page 589), "However, in section 135 of the County Government Act it is provided that 'the county surveyor must be a licensed land surveyor of the state, and must make any

survey that may be required by order of court', etc.; and upon this provision the contention is based that appellant could not legally hold the office because at the time of his election he was not a licensed land surveyor. It will be observed that in this provision there is no reference to the time of the election of the county surveyor in office, or to his qualifications at that time, as there is in the provision above quoted relating to a district attorney, and as there is to other officers in other provisions of the law. It refers merely to a county surveyor, and means only that one not having the. certificate cannot hold the office. There is a great deal of discussion in the briefs about the meaning of the word 'eligible', but the word is not used at all in the provision in question.'' It is apparent from this statement in that case that there was no requirement that a person before his election to the office of county surveyor should hold the certificate in question. The court therefore held that it was sufficient in order for him to legally hold the office after his election that he receive such a certificate before his term of office commenced. In the instant proceeding, the requirement of the Constitution is that at the time of his election, a person to be eligible to the office of a municipal judge shall have been admitted to practice for a period of five years. The cited cases from foreign jurisdictions are no more in point than the case of *Ward* v. *Crowell, supra.* None of these authorities justifies us in departing from the plain and explicit language of the Constitution as set forth in section 23 of article VI thereof.

In the leading case of *Searcy* v. *Grow,* 15 Cal. 117, the right of the defendant therein to hold the office of sheriff to which he had been elected was involved. At the time of his election he held the position of postmaster of the city of Yreka, and the Constitution provided that, ''No person holding any lucrative office under the United States or any other power, shall be eligible to any civil office of profit under this State.'' At the time of his qualification as sheriff said defendant resigned as postmaster. In holding that defendant was ineligible to hold said office the court said (page 120), ''The counsel for the appellant contends that the true meaning of the Constitution, is that the person holding the federal office described in the twenty-first section is forbidden to take a civil state office while so holding the other;

but that he is capable of receiving votes cast for him, so as to give him a right to take the state office upon or after resigning the federal office. But we think the plain meaning of the words quoted is the opposite of this construction. The language is not that the federal officer shall not hold a state office while he is such federal officer, but that he shall not, while in such federal office, be eligible to the state office. We understand the word eligible to mean capable of being chosen—the subject of selection or choice. The people in this case were clothed with this power of choice; their selection of the candidate gave him all the claim to the office which he has; his title to the office comes from their designation of him as sheriff. But they could not designate or choose a man not eligible, i. e., not capable of being elected. They might select any man they chose, subject only to this exception, that the man they selected was capable of taking what they had the power to give. We do not see how the fact that he became capable of taking office, after they had exhausted their power, can avail the appellant. If he was not eligible at the time the votes were cast for him, the election failed.'' The case of *Searcy* v. *Grow, supra,* is cited with approval by this court in *Sheehan* v. *Scott,* 145 Cal. 684, 686 [79 Pac. 350], *Ward* v. *Crowell,* 142 Cal. 587, 589 [76 Pac. 491], and *Walther* v. *Rabolt,* 30 Cal. 185.

We are, therefore, unable to agree with respondent McCloskey that under the provisions of section 23 of article VI of the Constitution a person is eligible to the office of municipal judge if admitted to practice five years before the commencement of the term of office to which he was elected, although he has not been admitted to practice for a period of five years before his election. This section of the Constitution says nothing about the beginning of the term of office, but explicitly makes the time of his election the time when he must possess the qualifications necessary to make him eligible to the office.

A number of other questions are raised by respondent McCloskey, but in our opinion they are without any substantial merit, and a discussion of them would not serve any useful purpose.

From the foregoing, we conclude that respondent McCloskey is ineligible to the office of municipal judge No. 10

of the city of Los Angeles, and was so disqualified at the date of said primary election. ■ We further conclude that petitioner, under the charter of said city and under the facts recited herein, was legally nominated for said office and is entitled to have his name printed on the sample and official ballots to be used in connection with the general municipal election to be held on May 7, 1935.

The respondents other than respondent McCloskey filed an answer and return to the alternative writ. The respondent filed a motion to strike out portions of the petition and a demurrer and an answer to the petition. The answers raise no issue of fact material to the rights of any of the parties to this proceeding. The motion to strike is denied, and the demurrer of respondent McCloskey is overruled.

Let the peremptory writ issue as prayed for immediately upon the filing of this decision.

Seawell, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.

PRESTON, J., Concurring.—I concur in the judgment but doubt the soundness of the doctrine of the case of *Searcy* v. *Grow*, 15 Cal. 117.