[L. A. No. 21445.   In Bank.   Apr. 13, 1950.]

ROY M. SAMUELS, Petitioner, v. BENJAMIN S. HITE, as Registrar of Voters, etc., Respondent.

Caryl Warner, Warner & Jackson, John W. Swink and Cecil W. Collins for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), Edward H. Gaylord and C. H. Langstaff, Deputy County Counsel, for Respondent.

Frank F. Solis, in pro. per., for Real Party in Interest.

SCHAUER, J.—Petitioner, a qualified elector and taxpayer of Belvedere Township, seeks mandate to require respondent Hite, as registrar of voters of Los Angeles County, to omit the name of Frank F. Solis, as candidate for the office of justice of the peace of the Class A justices' court of Belvedere Township, from the official ballot. Petitioner contends that Solis does not have the qualification for office prescribed by section 159a of the Code of Civil Procedure. We have concluded that this contention is correct.

Section 159a (Code Civ. Proc.) provides, "No person shall be eligible to the office of justice of the peace, of a justices' court of Class A, unless he shall have been admitted to practice before the Supreme Court of this state, for a period of at least two years, and shall have had not less than two years actual practice of law in this State; provided that the provisions of this section shall not apply to an incumbent, or to the election of an incumbent in such judicial position."

Mr. Solis is not an incumbent. He was admitted to practice on January 4, 1949. Thus he is not now, and will not at the time of the election (June 6, 1950) have been admitted to practice for two years, but he will have been admitted to practice for two years when the term of office begins (January 8, 1951).

The courts of the various states have differed as to whether, when the time for existence of conditions of eligibility for office is not specified by the applicable statute or constitution, the conditions must be present at the time of election or merely when the term of office begins. (88 A.L.R. 812; 143 A.L.R. 1026.) In this state, however, it has long been the law that a candidate, to be "eligible" (when the time of eligibility is not expressed), must be qualified at the time of election; the word "eligible" means "capable of being chosen—the subject of selection or choice." (*Searcy* v. *Grow* (1860), 15

Cal. 117, 121; in accord are *Sheehan* v. *Scott* (1905), 145 Cal. 684, 686 [79 P. 350], and *Bowring* v. *Dominguez* (1935), 3 Cal.2d 167, 170 [44 P.2d 299] ; see, also, *People* v. *Leonard* (1887), 73 Cal. 230, 234 [14 P. 853] ; *Helwig* v. *Payne* (1925), 197 Cal. 524, 528 [241 P. 884] ; *People* v. *Purdy* (1897), 21 App.Div. 66 [47 N.Y.S. 601] ; *People* v. *Purdy* (1897), 154 N.Y. 439, 442 [48 N.E. 821, 61 Am.St.Rep. 624].) *Ward* v. *Crowell* (1904), 142 Cal. 587 [76 P. 491], relied upon by respondent, is distinguished in the Sheehan case, *supra*.

The fact that, unlike section 159a (Code Civ. Proc.), other provisions of law expressly prescribe that a candidate's qualifications shall exist "preceding his election" (Cal. Const., art. VI, § 23; Code Civ. Proc., §§ 156, 157, 159, 103g) does not change the settled judicial definition of the word "eligible."

It is therefore ordered that a peremptory writ of mandate issue forthwith.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The majority opinion is out of harmony with the weight of authority and will clearly lead to anomalous results.

By the weight of authority, when a statute says a person must possess certain qualifications "to be eligible to office" and does not fix the time when the qualifications must be possessed, such qualifications are determined as of the time he takes office, not at the date of the election. (42 Am.Jur., Public Officers, §§ 39-40; 88 A.L.R. 812; 143 Id. 1026.)

If contrary to the above rule, as held by the majority, it is said that the time of election controls, then we would have the anomalous and unsupportable conclusion that a person qualified as *a practicing attorney at the time of election could take and hold the office of judge even though he was disbarred between his election and the time of taking office.* That necessarily follows for the *sole* time to test a candidate's qualifications under the majority rule is the time of election. That opinion states; "the word 'eligible' (in referring to time of eligibility) means '*capable of being chosen* the *subject* of selection or choice.' " If it means that, it cannot mean some other time, namely, when office is taken. It follows that the eligibility requirement of having practiced law for a specified time is wholly inadequate to fulfill the public policy of having duly qualified attorneys in the judicial office.

There are cases that express the minority view adopted by the majority here, yet even under the reasoning employed to support that view, it cannot be applied where, as here, the only deficiency is lack of time. It is said: ''The reasoning supporting this view (that of the majority opinion) is that the electors in making the choice should be confined to the selection of such persons only as are not then under any legal disqualification to exercise the powers and duties of the office so that they can then know that when the choice is made and legally declared the object for which the election was held has been accomplished, and that there is no legal obstruction in the way to prevent their will from becoming effective. This rule has been applied to such offices as that of governor, attorney general, tax assessor, tax collector, county or district attorney, marshal, sheriff, mayor, alderman, and other offices.

''As stated above, the language used in the Constitution or statute is of first importance in determining when the qualification to office must exist. Where the provision there appearing refers to holding of office, rather than to eligibility to office, in defining the qualifications, the courts are inclined to hold that the qualifications are to be determined at the time of the commencement of the term or of the induction into office, rather than at the time of the election.'' (42 Am.Jur., Public Officers, § 40.) Here the candidate is an attorney licensed to practice and there is no reason to suppose that he will not continue to be such until he takes office, if elected. If he loses that status between the election and the time he assumes office, then he cannot hold the office.

The foregoing furnishes adequate ground for distinguishing the cases cited in the majority opinion and there are other differences. The sole case announcing the broad rule of the majority is the old case of *Searcy* v. *Grow,* 15 Cal. 117, decided in 1860, and it did not give any consideration to authorities elsewhere. In *Sheehan* v. *Scott,* 145 Cal. 684 [79 P. 350], the charter *expressly* provided that the candidate must have been a resident five years prior to the *election. It is thus no authority* in support of the majority here. The same *express* requirement was present in *Bowring* v. *Dominguez,* 3 Cal.2d 167 [44 P.2d 299], and that case clearly brought out the distinction between an express provision requiring the existence of eligibility before election and a provision which is not express. The court said at pages 169-171: ''Respondent McCloskey, however, contends that under this section of the Constitution, it is sufficient if the elected candidate has been

admitted to practice for the required five years before the commencement of the term of office to which he is elected. A number of authorities are cited in support of this contention. Most of these are from foreign jurisdictions, but even they, when carefully analyzed, fail to support the position of respondent McCloskey. *Ward* v. *Crowell*, 142 Cal. 587 [76 P. 491], is the sole California case cited by said respondent. It involved the right of the defendant therein to hold the office of county surveyor of San Diego County. It was contended that he was ineligible to hold the office because he did not at the time of his election hold a licensed land surveyor's certificate, although he received such a certificate before his term of office commenced. In discussing defendant's right to the office the court said (page 589), 'However, in section 135 of the County Government Act it is provided that "the county surveyor must be a licensed land surveyor of the state, and must make any survey that may be required by order of court," etc.; and upon this provision the contention is based that appellant could not legally hold the office because at the time of his election he was not a licensed land surveyor. *It will be observed that in this provision there is no reference to the time of the election of the county surveyor in office, or to his qualifications at that time,* as there is in the provision above quoted relating to a district attorney, and as there is to other officers in other provisions of the law. It refers merely to a county surveyor, and means only that one not having the certificate cannot hold the office. There is a great deal of discussion in the briefs about the meaning of the word "eligible," but the word is not used at all in the provision in question.' It is apparent from this statement in that case that *there was no requirement that a person before his election* to the office of county surveyor should hold the certificate in question. The court *therefore* held that it was sufficient in order for him to legally hold the office after his election that he receive such a certificate before his term of office commenced. In the *instant* proceeding, the requirement of the Constitution is that *at the time of his election,* a person to be eligible to the office of a municipal judge shall have been admitted to practice for a period of five years. The cited cases from foreign jurisdictions are no more in point than the case of *Ward* v. *Crowell, supra.* None of these authorities justifies us in departing from the plain and explicit language of the Constitution as set forth in section 23 of article VI thereof. . . . This

section of the Constitution says nothing about the beginning of the term of office, but *explicitly makes the time of his election the time* when he must possess the qualifications necessary to make him eligible to the office.'' (Italics added.)

In my opinion the intention of the Legislature in adopting section 159a of the Code of Civil Procedure is manifestly clear. This section makes no reference to the matter of qualifications or eligibility of a candidate for election—at the time of election—or at any other time except the time he takes office; in fact it expressly provides that an incumbent may be elected to such office even though he may not have the qualifications provided for therein for one who is not an incumbent. It goes without saying that one may possess the required qualifications at the time of the election and fail to possess such qualifications at the time he takes office. In such event, it is obvious that quo warranto would lie should he assume to undertake performance of the duties of his office. It is equally obvious that the same situation would exist if a candidate were elected who did not possess the required qualifications at the time of election. It must be assumed that the Legislature had this situation in mind at the time it adopted the statute in question, and therefore deliberately omitted the time of election as the time when eligibility should be determined, knowing full well that the crucial time when eligibility should be tested is at the time the candidate, if elected, takes office. This is certainly the most common sense view to take of a statute which speaks only of eligibility to hold office and not eligibility to become a candidate for office, and which expressly permits an incumbent who does not possess such qualifications not only to continue to hold his office but renders him eligible for election notwithstanding his lack of qualifications to hold the office if he were not an incumbent.

In my opinion the construction placed upon the statute in question by the majority is strained, unrealistic and utterly lacking in reason, logic, or common sense.

For the foregoing reasons I would deny the writ prayed for.