[Civ. No. 609.   Fifth Dist.   June 15, 1966.]

FRESNO COUNTY EMPLOYEES ASSOCIATION, et al., Plaintiffs and Appellants, v. FRESNO COUNTY et al., Defendants and Respondents.

Perry, Price, Biglow & Capriola and J. C. Price for Plaintiffs and Appellants.

Robert M. Wash, County Counsel, and Max E. Robinson, Deputy County Counsel, for Defendants and Respondents.

STONE, J.—Plaintiffs appeal from a judgment entered pursuant to an order sustaining defendant's demurrer to their amended complaint for declaratory relief without leave to

amend. Plaintiffs also purport to appeal from the nonappealable order sustaining demurrer.

The controversy stems from an ordinance enacted by the Board of Supervisors of Fresno County declaring the terms of the five members of the civil service commission expired upon the effective date of the ordinance. It also provided for five new terms on the commission, to be filled by appointments by the board of supervisors.

Under the power delegated to charter counties by the state Constitution (art. XI, § 7½) and the Government Code (§ 31101), Fresno County provided for the establishment of a civil service commission by the following language of section 44, subdivision (2) of the county charter:

"Such ordinance shall provide for: A Civil Service Commission of five electors holding no other public office serving staggered terms of four years with such assistants and quarters as are necessary, and for authority in such commission to set up a system of civil service rules for examinations, certification, appeal procedure and other necessary details."

Pursuant to this enabling provision, the board of supervisors enacted section 170 which, insofar as here relevant, read:

"The commissioners shall be appointed by the Board of Supervisors. The commissioners in office at the time of the effective date of this amendment shall remain in office until the expiration of their term. . . . The terms of the members shall be four years and shall expire on the First Day of February. Any vacancy in the office of commissioner shall be filled by the Board of Supervisors for the unexpired term. Each commissioner shall serve until his successor is appointed and qualified. No commissioner shall hold any other public office."

Thereafter the board of supervisors adopted Ordinance No. 511 which amended section 170 to read, in pertinent part:

"Upon the effective date of this 1965 amendment, all existing terms of office shall expire and two new terms shall begin, to terminate in January, 1967, and three new terms shall begin to terminate in January, 1969. Thereafter, all terms shall be for four years. Upon the termination of the present terms as hereinabove provided, the Board of Supervisors shall fill the new terms by appointment and designate the term of each appointee."

Appellants Carl Fuller and C. L. Kaiser held unexpired terms of office as civil service commissioners on the effective

date of the amendment. They, along with the Fresno County Employees Association and Patsy B. Jolly, a county employee, filed this action for declaratory relief, alleging, among other things, that the board of supervisors was without authority to declare terminated before expiration the term of office of each civil service commissioner serving pursuant to charter provision.

Respondents rely, as did the trial court, mainly upon *Placer County Employees Assn.* v. *Board of Supervisors,* 233 Cal.App.2d 555 [43 Cal.Rptr. 782]. The gist of the *Placer* case is that in reorganization of a department of government, positions may be abolished and new positions created even though the abolished position is within the scope of civil service; further, that "Reorganization of governmental offices promulgated in good faith and for reasons of efficiency or economy does not 'nullify the basic principle' of civil service even though it results in abolition of one or several civil service positions." (P. 559.)

But the board of supervisors in the *Placer* case did not purport to abolish an office or term of office created by county charter. Insofar as it relates to the question before us, *Placer* simply recognizes the long-standing principle that a government entity having the power to create a position has the concomitant power to abolish it. (*O'Neill* v. *Williams,* 53 Cal. App. 1, 4 [199 P. 870].) Here, the office of commissioner was not created by the board of supervisors; rather, the county, by charter, created the five-man commission with staggered four-year terms. We learn from 3 McQuillin, Municipal Corporations (rev. 3d ed.) page 502, that:

"Every public office is the creation of some law, and continues as such only so long as the law to which it owes its existence remains in force. When the law is legally abrogated, the office ipso facto ceases unless perpetuated by virtue of some other legal provision. *But an office created by charter cannot be abolished by ordinance.*" (Italics added.)

An additional distinction between *Placer* and the instant case is that the Fresno County supervisors did not abolish the civil service commission nor the office of any commissioner; they simply declared all offices vacant upon the effective date of the new ordinance even though certain of the terms extended beyond the termination date.

Since each commissioner derives his term of office from the charter, once he is appointed and qualifies, his term cannot be

terminated except for legal cause or by charter amendment abolishing the office. The Supreme Court said, in *Ward* v. *Crowell*, 142 Cal. 587, at page 588 [76 P. 491]: ''The general rule is, that every citizen who is a qualified elector has the right to hold any office for which he has been elected or appointed.'' (See 40 Cal.Jur.2d, Public Officers, § 23, pp. 659-660; *Ford* v. *Board of State Harbor Comrs.*, 81 Cal. 19 [22 P. 278]; cf. *Boyd* v. *Huntington*, 215 Cal. 473 [11 P.2d 383].)

■ The trial judge felt that reorganization and modernization of local government would be impeded if the board could not change the rotation of terms of office of the civil service commission members. We believe the fear groundless. In the first place, the charter delegated the power to create all civil service positions other than those of the five commission members, to the board of supervisors, and any position created by the board can be abolished by the board. (*Placer County Employees Assn.* v. *Board of Supervisors, supra.*) Furthermore, we see no practical reason why the board of supervisors cannot revise the rotation of staggered terms of the commission members by an ordinance that does so without providing for the premature expiration of any existing term of office. (See *Boyd* v. *Huntington, supra,* 215 Cal. 473, at p. 477, setting forth provisions for realignment of terms of office under the Dental Practice Act of 1915.)

Looking at the other side of the coin, if a board of supervisors could, by ordinance, declare all offices of a charter board or commission vacated, thereby effecting an immediate and complete change of membership, many mischievous possibilities readily come to mind.

The judgment is reversed. The purported appeal from the order sustaining demurrer without leave to amend is dismissed.

Conley, P. J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.