**J. Noble CARROLL, Appellant,**

**v.**

**John F. WALTON, W. Cecil Carpenter and William L. David, constituting the Delaware State Board of Agriculture, Appellee.**

Superior Court of Delaware, Kent.

Oct. 2, 1970.

N. Maxson Terry, Jr., Dover, for appellant.

Gerald C. Foulk, Deputy Atty. Gen., Wilmington, for the State Board of Agriculture.

## OPINION

O'HORA, Judge.

The facts constituting the basis for this appeal from an opinion of the Delaware Personnel Commission are as follows:

The Delaware Code of 1935 directed the State Board of Agriculture to establish a Bureau of Markets (Sec. 624) and the Bureau of Markets was continued in the Code of 1953 (Title 3, § 302). By Act of the Legislature, effective December 17, 1963, the Office of the Director of Markets was recognized by the Legislature as a "covered employee" and permanent appointee of the Bureau of Markets within the Department of Agriculture. 3 Del.C. § 311, 313. James Noble Carroll, the appellant herein, was appointed to that Office by the Board of Agriculture at its meeting on May 18, 1967.

Upon the adoption of the State Merit System, which became effective July 1, 1968, the State Personnel Commission was charged with the responsibility for preparing a position classification plan for all positions in the classified service. 29 Del.C. § 5915. In an effort to follow this mandate, the Commission surveyed the various state jobs and broke them down into a scheme of classification. Thus Carroll was classified at "22440, pay grade 20" and given the title "Marketing and Inspection Supervisor".

Carroll received notice of the classification in 1968 and went about his job as before. Within the Department of Agriculture he was still known as the Director of Markets.

After the election of 1968, the composition of the Board of Agriculture changed and G. Wallace Caulk, a Republican, became the Secretary. On April 21, 1969, Mr. Carroll was notified that on April 10, 1969, the Board of Agriculture had abolished the position of Marketing and Inspection Supervisor. The salary of Mr. Carroll was then terminated and he was without his job. The abolition of Mr. Carroll's position was done at the recommendation of Mr. Caulk who assumed the duties previously assigned to the Director of Markets.

Mr. Carroll appealed to the State Personnel Commission which held hearings on July 17, 1969 and September 18, 1969. The Personnel Commission, in an opinion dated December 4, 1969, found that the abolition of the position of Marketing and Inspection Supervisor was within the power of the Board of Agriculture and that it was done in good faith.

The Personnel Commission further found that Mr. Carroll had initially been hired as Director of Markets within the provision of 3 Del.C. § 311 and under its tenure provisions.

The primary issue presented in this appeal is whether or not the Board of Agriculture has the power and authority to abolish the Office of Director of Markets. Only if the Board does have such power do we reach the second issue of whether it was properly exercised through a bona fide reorganization of the Department of Agriculture or if such reorganization was, in fact, motivated solely by political considerations.

In accordance with the provisions of 29 Del.C. § 5949, an appeal from a commission

decision to this Court shall be on the question of whether the appointing authority, here the Board of Agriculture, acted in accordance with law and, if it was lawfully empowered to so act, whether or not the action complained of was taken for any political, religious or racial reason, or is not supported by the facts as having been for cause.

In this Court's opinion the Board of Agriculture is without power and authority to abolish the Office of Director of Markets, a statutory Office created under the clear language of 3 Del.C. § 311(a). The creation and adoption of a State Merit System to administer a civil service form of state employment, rather than one based entirely upon the political spoils system, does not automatically and within itself endow the Personnel Commission with authority to create or abolish positions which are creatures of the Legislature. The Legislature created the Office of Director of Markets within the Agriculture Department of the State government. Only the Legislature can abolish that Office if it so chooses. 172 A.L.R. 1366. No authority to do so was conferred upon the Board of Agriculture or the Personnel Commission in the act creating the State Merit System. 29 Del.C., Chapter 5901 et seq. Under the provisions of § 5915, the Commission is only directed to create a position qualification plan "so that uniform qualifications and pay ranges shall apply to all positions in the same class". Their ultimate and only duty thereunder was to classify jobs for salary purposes, not to create or abolish statutory positions.

The Commission argues that 3 Del. C. § 103(5) gives the State Board of Agriculture the power to "employ and discharge such inspectors, officers, employees, agents and servants as in its opinion may be necessary to carry out the provisions of this title", and of necessity gives the Board the implied power to remove the Director of Markets. Undoubtedly, all employees within the Department of Agriculture come within the provisions and protections of the Merit System, and within those provisions they are not guaranteed tenure of office. Some may lose their jobs as the result of a bona fide reorganization for reasons of economy and all are subject to dismissal for cause based upon incompetency or malfeasance in office, including the Director of Markets. However, the statutorily created Office of Director of Markets cannot be abolished except by an Act of the Legislature, even though a bona fide reorganization of the Department occurs.

The decisions abound in support of the principle that an office legally created by one authorized body cannot be abolished by another agency or body without specific authority to do so. For example, the legislature may not abolish a constitutionally created office without amendment to the constitution approved by the voters. Shamberger v. Ferrari, 73 Nev. 201, 314 P.2d 384 (1957). Again, it has been held that a government entity having the power to create a position has the concomitant power to abolish it, and where a government employee derives his term of office from a county charter, once he attains office, his term cannot be terminated except for legal cause or by charter amendment abolishing the office. Fresno County Employees Association v. Fresno County, 242 Cal.App.2d 828, 51 Cal.Rptr. 841 (1966). As to an office created by the legislature it has been clearly established that it retains the exclusive power to abolish that office. In Appeal of Burnap, 94 Conn. 286, 108 A. 802 (1920), for example, the court reached such conclusion, saying,

"We therefore hold that by the act in question the Legislature created the office of superintendent of waterworks, and as a consequence the Board of Water Commissioners had no power to abolish it. The attempted abolition of the office by the board was in effect an attempt to repeal an act of the Legislature and accomplished an unlawful removal of the appellant, who had been properly ap-

pointed to an office created by the Legislature."

Having found that the State Board of Agriculture was without authority to abolish the Office of Director of Markets, it it is unnecessary to consider the remaining issues raised in this appeal. The appellant, J. Nobel Carroll, is to be reinstated in his Office and pay, such reinstatement to include all loss of pay for the period which has elapsed since the abortive attempt by the Board of Agriculture to abolish the position held by him.

It is so ordered.