TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-301 |
| of | : | |
| | : | July 5, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____


THE HONORABLE VICTORIA B. HENLEY, DIRECTOR, COMMISSION ON JUDICIAL PERFORMANCE, has requested an opinion on the following question:

Is Government Code section 69502, which requires that superior court judges reside within the county of the court for which they are elected or appointed, unenforceable?

CONCLUSION

Government Code section 69502, which requires that superior court judges reside within the county of the court for which they are elected or appointed, is unenforceable.

ANALYSIS

Government Code Section 69502[1] provides: "Each judge of a superior court shall reside within the county of the court for which he is elected or appointed." We are asked to determine whether the residency requirement of section 69502 is unenforceable due to a possible, latent inconsistency with the Constitution. Article VI, section 15 of the Constitution states:

_____

[1]All section references are to the Government Code unless otherwise indicated.

"A person is ineligible to be a judge of a court of record unless for 5 years immediately preceding selection to a municipal court or 10 years immediately preceding selection to other courts, the person has been a member of the State Bar or served as a judge of a court of record in this State. A judge eligible for municipal court service may be assigned by the Chief Justice to serve on any court."

We conclude that section 69502 provides a qualification for the office of superior court judge which the Legislature has no authority to prescribe.

Historically the residency requirement of section 69502 may be traced back to the second session of the Legislature in 1851. (Stats. 1851, ch. 1, § 21 ["Each Judge shall reside in his district, and no person shall be eligible to the office of District Judge who shall not have been a citizen of the United States, and a resident of this state for one year and of the district six months previous to his election. The provisions of this section, as to eligibility, shall not apply to the Judges appointed by the Legislature"].) The qualifications for district judges (as well as other judges) first specified by statute thus contained both durational and continuing residency requirements.[2]

In 1879 eligibility requirements for judges were placed in the Constitution but no reference was made to residency. Section 23 of article VI, as originally enacted, provided:

"No one shall be eligible to the office of Justice of the Supreme Court, or to the office of Judge of a Superior Court, unless he shall have been admitted to practice before the Supreme Court of the State."

Residency requirements for superior court judges were part of statutory law but not part of the Constitution when the case of *Wallace* v. *Superior Court* (1956) 141 Cal.App.2d 771 was decided nearly 40 years ago. In *Wallace*, it was argued that the statutory durational residency requirement for superior court judges then contained in section 69500 ("No person is eligible for election to the office of judge of the superior court unless he has (a) been a citizen of the United States and a resident of this state for five years and of the county in which he is elected for two years next preceding his election, . . .") was unconstitutional since the Constitution contained no such provision. The court quoted from and relied upon a New Jersey case in reaching its decision:

"In *Imbrie* v. *Marsh*, 37 N.J. 578 [71 A.2d 352, 356, 18 A.L.R.2d 241], an opinion by Mr. Chief Justice Vanderbilt states the matter as follows:

"`"It would seem but fair reasoning upon the plainest principles of interpretation, that when the Constitution established certain qualifications as necessary for office, it meant to exclude all others as prerequisites. From the very nature of such a provision the affirmation of these qualifications would seem to imply a negative of all

---

[2]Residency qualifications for office may be expressed in at least three ways: (1) mere "residence," residency at the time of election or appointment; (2) "durational residence," residency in an area for a minimum period of time before being qualified to be elected or appointed; and (3) "continuing residence," residency during incumbency.

others. . . .  A power to add new qualifications is certainly equivalent to the power to vary them."  1 Story, Commentaries on the Constitution, section 625.

"`"The legislature cannot add to the constitutional qualifications of an office." 1 Cooley on Constitutional Limitations, 140.'"  (*Id.*, at p. 776.)

The court ultimately concluded:

"It is our view that the Constitution having originally stated the qualifications for the office of judge of the superior court and having from time to time either reenacted these qualifications without material change or changed them to require, as presently, a term of practice in addition to admission to the bar, it has at all times so fixed those qualifications as to render it beyond the power of the Legislature to add or detract therefrom and that, therefore, the challenged legislation is unconstitutional. . . ."  (*Id.*, at pp. 781-782.)

Thereafter in *People* v. *Chessman* (1959) 52 Cal.2d 467, the defendant argued that the California Supreme Court had no jurisdiction over his case because the members of the court did not reside in Sacramento as required by statute.  The court rejected the argument, relying upon *Wallace* and other authorities:

"*Qualification of Justices of This Court*.  Defendant asserts that the justices of this court are `jurisdictionally foreclosed' from deciding this (or any other)  case because they have not complied with the provision of section 1060 of the Government Code that they `shall reside at and keep their offices in the City of Sacramento.'  The State Constitution (art. VI. §23) provides that `No person shall be eligible to the office of a Justice of the Supreme Court, or of a district court of appeal, or of a judge of a superior court, or of a municipal court, unless he shall have been admitted to practice before the Supreme Court of the State for a period of at least five years immediately preceding his election or appointment to such office . . .'  This constitutional requirement is generally regarded as exclusive and legislative attempts to add qualifications have been held unconstitutional. (*Wallace* v. *Superior Court* (1956), 141 Cal.App.2d 771, 774-782; *Chambers* v. *Terry* (1940), 40 Cal.App.2d 153, 154-156.)  When a candidate for justice meets the requirement of section 23 of article VI and, after election or appointment, qualifies by taking the oath provided by section 3 of article XX, the Legislature cannot properly require, by way of additional qualification, anything (such as change of residence) which has no reasonable relation to the performance of his duties."  (*Id.*, at p. 500.)

Recently in *People* v. *Bowen* (1991) 231 Cal.App.3d 783, the defendant challenged the trial court's jurisdiction for reasons similar to those in *Chessman*, relying upon section 69502 in arguing that a superior court judge from another county could not be assigned to his case.  The court reviewed the case law and constitutional history of section 69502, but decided the case on other grounds.  It did, however, state in dicta:

"Initially, we observe that statutory tenure-residency requirements have been in effect for superior court judges since the superior courts were established by the Constitution of 1879. (Former art. VI § 1, Cal. Const. of 1879.) In the first such statute the Legislature made provision for the situation presented herein: `Each Judge of a Superior Court shall reside at the county seat . . . or within three miles thereof, and within the county, except that in the Counties of Yuba and Sutter the Judge may reside in either of said counties.' (Former Code Civ. Proc., § 158, Stats. 1880, Amend. to the Codes, ch. 35, § 1, p. 40.) The exception was created because one judgeship served both counties. (Former Code Civ. Proc., § 65, Stats. 1880, Amend. to the Codes, ch. 35, § 1, p. 26.) The exception was changed to provide that if there was more than one judge in Yuba and Sutter Counties, `it shall not be necessary for more than one Judge to reside at the county seat, as provided herein' (Stats. 1891, ch. 193, § 1, p.277), and was deleted in 1931 (Stats. 1931, ch. 755, § 1, p. 1589). Aside from this limited exception there has always been a requirement that superior court judges reside in their counties during their tenure.

"This ancillary issue raises questions concerning the nature of the statute, i.e., mandatory or directory, whether there really was a `reasonableness' standard employed in *Chessman*, and the historical matrix in which the `reasonableness' standard could be applied to review this statute. In addition to the constitutional question raised by the People, the statute could also be subjected to a challenge on other grounds, e.g., the `right' to travel (7 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, § 191, p. 257)." (*Id.*, at pp. 788-789.)

In an informal opinion of this office issued in 1976 (Cal.Atty.Gen., Indexed Letter, No. IL 76-137 (July 21, 1976)), we concluded that an individual who was a member of the State Bar for the requisite 10 years could be appointed to the Court of Appeal even though he was living in another state at the time and section 1060 then required that he be "a citizen of the state" when elected or appointed. We concluded that the constitutional qualifications set forth in Article VI, section 15 were exclusive and, therefore, "it is beyond the power of the Legislature to add to or alter such."

Examining the Legislature's responses to the above cited court decisions, as well as relevant constitutional amendments, we note that section 69500 (analyzed in *Wallace*) was repealed in 1967 and that section 1060 (construed in *Chessman*) was repealed in 1984. Section 69502 has not been directly challenged despite the repeal of the related statutes. In any event section 69502 is somewhat of an anomaly in that it appears to impose a residency requirement for the period *after* the person's election or appointment, but not for initial selection. This is explained by its statutory history, where until 1967, it was linked to another statute (§ 69500) imposing a residency requirement for initial selection. Section 69502's provisions are not the usual way qualifications for office are expressed or imposed. (See *Samuels* v. *Hite* (1950) 35 Cal.2d 115, 116; *Younger* v. *Board of Supervisors* (1979) 93 Cal.App.3d 864, 872; 28 Ops.Cal.Atty.Gen. 127, 129 (1956).)

In view of the foregoing case law, we conclude that section 69502 is unenforceable as constituting an invalid attempt on the part of the Legislature to add qualifications for the office of

superior court judge not found in the Constitution.[3]  The constitutional qualifications are exclusive. (*Cf. U.S. Term Limits, Inc.* v. *Ray Thornton* (May 22, 1995) ___ U.S. ___, ___ ["`to add new qualifications to those of the Constitution would be as much an alteration as to detract from them'"].)

\* \* \* \* \*

---

[3]In contrast, the Constitution gives to the Legislature the authority and responsibility to "prescribe for each municipal court the number, qualifications, and compensation of judges . . . ."  (Cal. Const., art. VI, § 5, subd. (c).)